IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:21-CV-00371-BO

| | |
|---|---|
| SONYA CALLOWAY-DURHAM,<br><br>　　Plaintiff,<br><br>v.<br><br>N.C. DEPARTMENT OF JUSTICE, JOSHUA H. STEIN, in his individual and official capacity as Attorney General, LESLIE COOLEY DISMUKES, in her individual and official capacity as Criminal Bureau Chief, SHANNON CASSELL, in her individual and official capacity as former Civil Bureau Chief, and ALANA DANIELLE MARQUIS ELDER, in her individual and official capacity as Senior Deputy Attorney General,<br><br>　　Defendants. | **DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT** |

Pursuant to Local Civil Rules 7.1(g)(1) and 7.2(f)(2)(C), defendants North Carolina Department of Justice ("NCDOJ"), Joshua H. Stein, Leslie Cooley Dismukes, Shannon Cassell, and Alana Danielle Marquis Elder, by and through their counsel, submit this reply to address matters initially raised by Plaintiff in her response to Defendants' motion to dismiss.

**I.　DEFENDANTS ARE IMMUNE FROM LIABILITY FOR STATEMENTS MADE DURING THE GRIEVANCE PROCEEDINGS.**

In her opposition brief, Plaintiff argues that testimony given at her grievance hearing serves as sufficient factual basis for certain of her claims in this action. Specifically, she argues that she states a viable claim against defendant Cassell for

Plaintiff's non-promotion because Cassell allegedly provided false testimony at the grievance hearing due to a discriminatory animus, and that the false testimony led to the denial of Plaintiff's grievance. (DE 44 at 4-5) She also argues that the participation in the grievance hearing by Cassell, Dismukes, and Elder demonstrates the conspiratorial agreement between them to deprive Plaintiff of her constitutional rights. (*Id.* at 12)

The allegations actually made in Plaintiff's Amended Complaint do not support these conclusory arguments in her brief.

Even if they did, allegations of false statements during Plaintiff's grievance hearing cannot be used to make a viable claim against any defendant here. Absolute immunity attached to all witnesses and attorneys for relevant statements made during the grievance hearing. *See Edwards v. Parrish Tire Co.*, 2019 U.S. Dist. LEXIS 152041, *7-10 (M.D.N.C. Sept. 6, 2019) (recognizing immunity over statements made in EEOC proceedings); *Clausell v. Bayer Corp.*, 2015 U.S. Dist. LEXIS 116282, at *21 (E.D.N.C. Aug. 31, 2015) (recognizing that the testimonial privilege applies in quasi-judicial matters, including those involving fact-finding by "administrative officers"); *see also Wall v. Blalock*, 245 N.C. 232, 232-33, 95 S.E.2d 450, 451 (1956) (recognizing that attorneys also have an "absolute" privilege to make material and pertinent statements in contested proceedings). Accordingly, to the extent Plaintiff seeks to hold defendants liable based on allegedly false, yet privileged, statements made during a quasi-judicial proceeding, her claims fail as a matter of law and must be dismissed.

## II. THE "FINAL AGENCY DECISION" IS NOT SUFFICIENT TO STATE A CLAIM AGAINST STEIN.

Plaintiff argues in her opposition brief that Stein "was individually involved" in the non-promotion decision "probably before it was made," but "definitively" after it was made, because Stein's Chief of Staff (Seth Dearmin) "signed the final agency decision" from her grievance hearing. (DE 44 at 4) To substantiate that assertion, Plaintiff has filed that "final agency decision," in which Mr. Dearmin found no evidence of discrimination, as an exhibit to her response brief. (DE 44-1) Stein's name is listed atop the NCDOJ letterhead on which the final agency decision was presented but the document makes no other reference to Stein.

Plaintiff's reliance on the contents of the "final agency decision" in opposition to the motion to dismiss is misplaced for two reasons.

First, the final agency decision is neither attached to nor incorporated into the Amended Complaint. Mr. Dearmin's name is not even mentioned in the Amended Complaint. Therefore, the exhibit attached to Plaintiff's motion, and the assertions made by Plaintiff in her brief relating Mr. Dearmin's role in that decision, should be disregarded by the Court on this motion to dismiss. *See Escander v. McCarthy*, 2021 U.S. Dist. LEXIS 67448, *4-5 (E.D.N.C. Apr. 7, 2021) (recognizing that documents not incorporated into the complaint, or integral to the complaint, should be disregarded on a motion to dismiss).

Second, even if this Court considered the "final agency decision," that document does not support Plaintiff's claim against Stein. Plaintiff does not allege any basis for her conclusion that Dearmin and Stein should be treated as one and the

same. Moreover, the applicable standard *is not* whether Stein was aware of Plaintiff's non-promotion. Instead, as Plaintiff appears to acknowledge, she has the burden of pleading, among other things, actual or constructive knowledge by Stein *of conduct that posed a severe or pervasive risk of constitutional injury*. (DE 42 at 12-13 (collecting cases)) Plaintiff has not alleged that Stein received the "final agency decision." But even if she had made that allegation, the stated conclusion in the document is that Dearmin found *no evidence* to substantiate Plaintiff's claim of discrimination, which undermines her argument completely. There is nothing in the document which provides a factual basis for asserting discriminatory decision-making, let alone any approval, by Stein of such conduct.

In short, Plaintiff's attempted reliance on the contents of the "final agency decision" does not save her claims against Stein. The Court should grant his motion to dismiss.

### III. THE COURT SHOULD DISMISS THE CLAIMS WITH PREJUDICE.

When ruling a Rule 12(b)(6) motion, the district court has the discretion to dismiss claims with or without prejudice. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018). In her opposition brief, Plaintiff refers to further amendments that she would make if given yet further leave to amend. (DE 44 at 9-10, 12)

Plaintiff already has been afforded the opportunity to amend *after* having reviewed Defendants' motion to dismiss the original complaint. (DE 26, 28, 30, 32, 35) She failed to correct the deficiencies in her Amended Complaint and continued to rely primarily on conclusory allegations with no basis in alleged fact. Accordingly,

4

the Court need not provide Plaintiff an opportunity to replead, and should grant Defendants' motion by dismissing the claims at issue with prejudice. *See, e.g.*, *Fuller v. Jackson*, 2022 U.S. Dist. LEXIS 45285, at *5 (E.D.N.C. Feb. 24, 2022) (dismissing claims without leave to amend since plaintiff's allegations were "wholly conclusory"); *Wiggins v. Jackson*, 2022 U.S. Dist. LEXIS 71041, *3-4 (E.D.N.C. Feb. 15, 2022) (dismissing claims with prejudice when plaintiff already had the opportunity to amend).

## CONCLUSION

For the foregoing reasons and those in Defendants' opening brief, Defendants respectfully request that the Court grant their motion to dismiss.

Respectfully submitted, this the 26th day of May, 2022.

MORNINGSTAR LAW GROUP

/s/ Shannon R. Joseph
Shannon R. Joseph
N.C. State Bar No. 22144
sjoseph@morningstarlawgroup.com
Amie Flowers Carmack
N.C. State Bar No. 21970
acarmack@morningstarlawgroup.com
421 Fayetteville St., Suite 530
Raleigh, NC 27601
Telephone: (919) 590-0370
Facsimile: (919) 882-8890

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendants' Reply Memorandum of Law In Support of Their Motion to Dismiss Amended Complaint was this day served by filing the document electronically via the CM/ECF system, which will send notification of such filing to the following participants:

Valerie L. Bateman
New South Law Firm
209 Lloyd Street, Ste. 350
Carrboro, NC 27510

June Allison
New South Law Firm
233 Laurel Avenue
Charlotte, NC 28207

*Attorneys for the Plaintiff*

This the 26th day of May, 2022.

MORNINGSTAR LAW GROUP

/s/ Shannon R. Joseph
*Attorney for Defendants*