IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-371-BO

SONYA CALLOWAY-DURHAM, )
*Plaintiff*, )
)
v. ) O R D E R
)
N.C. DEPARTMENT OF JUSTICE, )
JOSHUA H. STEIN, in his individual and )
official capacity as Attorney General, )
LESLIE COOLEYDISMUKES, in her )
individual and official capacity as Criminal )
Bureau Chief, SHANNON CASSELL, in )
her individual and official capacity as )
former Civil Bureau Chief, and ALANA )
DANIELLE MARQUIS ELDER, in her )
individual and official capacity as Senior )
Deputy Attorney General, )
*Defendants*. )

This cause comes before the Court on defendants' two motions to dismiss [DE 26, 41]. Plaintiff responded in opposition and defendants replied. The motions are now ripe for adjudication. For the reasons that follow, defendants' first motion to dismiss is denied as moot. Defendants' second motion to dismiss is granted.

BACKGROUND

Plaintiff, a Black woman in her 50's, alleges that her current employer, the North Carolina Department of Justice and some of its staff discriminated against her by failing to promote her and by retaliating against her when she reported alleged discrimination. Plaintiff has been a career attorney for the North Carolina Department of Justice ("NCDOJ") since 2002.

In January 2018, plaintiff states that she was improperly reprimanded by defendant Elder in front of her colleagues for alleged mishandling of a medical emergency in the office. In April 2018, plaintiff moved to the Public Safety Department and was allegedly assigned work below her pay grade. At some point defendant Cassell allegedly told plaintiff that she could not have

another attorney help her with one of her big cases. Plaintiff believed this was an attempt to sabotage plaintiff's work.

In June 2020, plaintiff applied to be the Head of the Public Safety Section. The former Section Head, Ms. Hill, a Black woman, recommended that Mr. Trachtman, a White man, succeed her in the position. About a week later, the hiring decision makers, defendants Elder and Dismukes promoted Trachtman over plaintiff. Plaintiff alleges that she was more qualified than Trachtman. On June 29, plaintiff filed a grievance stating that the decision to promote Trachtman over plaintiff was impermissibly based on plaintiff's race and sex.

After the filing, plaintiff alleges that defendants forbade plaintiff from filing appeals, directed appellate work away from her, and refused to give her a transcriber. Defendant Dismukes allegedly sabotaged a habeas case they worked on together. Defendant Elder and Dismukes allegedly re-wrote one of her briefs incorrectly. Around August 2020, defendant Dismukes forbade plaintiff from handling any state habeas cases, even though no one else was allegedly qualified. Defendant Cassell forbade anyone to help plaintiff with her OSHA cases. Plaintiff's accomplishments stopped appearing in the DOJ newsletters. Plaintiff alleges defendants did this in order to create the defense that plaintiff was an incompetent attorney.

A grievance hearing was held on October 26, 2020. At the hearing, defendants stated that they promoted Trachtman over plaintiff because he was performing better than plaintiff. Defendants stated that plaintiff was a poor writer, that her managers believed plaintiff was not capable of handling complex work, and that plaintiff was an embarrassment to the NCDOJ. Defendants stated that they specifically direct complex work away from plaintiff and only assigned her low-level work because she was a poor attorney. On plaintiff's 2020-2021 performance review, she received a grade of meeting expectations.

2

Case 5:21-cv-00371-BO   Document 50   Filed 08/29/22   Page 2 of 11

Plaintiff was issued a right to sue letter by the EEOC on June 17, 2021. Plaintiff filed this suit on September 15, 2021. She brings four claims: (Count One) race, color, and sex discrimination in violation of Sections 1981, 1983, and 1985(3) against all individual defendants in their individual capacities based on failure to promote plaintiff; (Count Two) race, color, and sex discrimination in violation of Title VII against individual defendants in their official capacities and NCDOJ for failure to promote plaintiff; (Count Three) retaliation in violation of Section 1981 and 1985 against individual defendants in their individual capacities; and (Count Four) Title VII retaliation against individuals in their official capacities and NCDOJ. A hearing on the pending motions in this case was held before the undersigned on August 18, 2022 in Elizabeth City, North Carolina.

## DISCUSSION

First, the Court will dispose of defendants' first motion to dismiss. "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (internal quotations omitted). The first motion to dismiss [DE 26] sought to dismiss plaintiff's original complaint [DE 1]. The original complaint has since been superseded by the Amended Complaint [DE 40]. Accordingly, defendants' original motion to dismiss is denied as moot.

Next, the Court will consider defendants' partial motion to dismiss all claims against defendants Stein and Cassell; the 42 U.S.C. § 1981 and 42 U.S.C. § 1985 claims against Dismukes and Elder; and Count Four against NCDOJ. Plaintiff does not oppose dismissal of the official capacity claims against individual defendants in Counts Two and Four. Accordingly, the motion to dismiss as to those claims as to the individual defendants is granted.

3

Case 5:21-cv-00371-BO   Document 50   Filed 08/29/22   Page 3 of 11

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

*Section 1983 Failure to Promote Claim (Count One)*

Defendant moved to dismiss the Equal protection § 1983 claim against Stein and Cassell, arguing that plaintiff has failed to allege sufficient facts to state a claim against them. "In order to sustain a § 1983 claim, a plaintiff must prove that he or she was deprived of a constitutional right by a defendant acting under color of state law." *Cook v. James*, 100 F. App'x 178, 180 (4th Cir. 2004). "[T]o state a claim for violation of the [Equal Protection] Clause, a plaintiff must plausibly allege first that [s]he has been treated differently from others with whom [s]he is

similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Fauconier v. Clarke*, 966 F.3d 265, 277 (4th Cir. 2020) (internal quotations omitted). The "doctrine of *respondeat superior* has no application under this section." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). Plaintiff must affirmatively show that "the official charged acted personally in the deprivation of the plaintiff's rights[.]" *Id*. Plaintiff must show that Stein and Cassell had personal knowledge of and involvement in the alleged deprivation.

Plaintiff alleges that defendant Josh Stein, North Carolina's Attorney General, was aware of the decision not to promote plaintiff and approved of it. However, plaintiff offer no facts that push this allegation from the realm of conceivable to plausible. Plaintiff states that this claim should proceed to discovery in order to allow plaintiff to gather the necessary information to prove that Stein should have intervened or should have known that this was a constitutional deprivation. However, on its face plaintiff's complaint is not sufficient to state a claim against Stein.

Plaintiff alleges that defendant Cassell, who was hired in March 2018 as the Special Counsel to the Chief Deputy Attorney General, had some responsibility overseeing the Public Security Section and allegedly voiced some support for plaintiff's non-selection for the promotion. However, plaintiff does not allege that Cassell was a hiring decision maker or that she supervised those who were making the ultimate hiring decision. Therefore, plaintiff has not shown a connection between Cassell's personal conduct and the hiring decision. Accordingly, plaintiff has failed to state a § 1983 equal protection claim against Cassell and Stein.

*Section 1981 claims (Counts One and Three)*

Defendants seek to dismiss all of plaintiff's § 1981 claims against individual defendants because they fail as a matter of law. Section 1981, "prohibits racial discrimination in the making

and enforcement of private contracts." *Runyon v. McCrary*, 427 U.S. 160, 168 (1976). Section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 702 (1989). The City of Southport is undoubtedly a state actor and thus cannot be the target of a § 1983 claim. *See id.*

It is clear that all defendants in this case are state actors because they are all attorneys working at a state agency, the North Carolina Department of Justice. Therefore, none of the defendant may be the target of a § 1981 claim. Plaintiff asks in her response in opposition brief [DE 44] for permission to amend her complaint to and save this claim in Count Three by converting it into a First Amendment claim. Plaintiff did not file a motion requesting permission to amend or attach a second amended complaint. It appears that allowing plaintiff to amend her complaint a second time would cause undue delay or would be futile. Accordingly, the Court sees no reason to grant the request to amend.

*Section 1985 Claim (Counts One and Three)*

Defendants seek to dismiss the § 1985 claims against all individual defendants, arguing that plaintiff has not alleged facts sufficient to state a claim. To state a claim for conspiracy to deprive plaintiff of her legal rights, plaintiff must allege that defendants "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). Plaintiff must allege a meeting of the minds with "concrete facts[.]" *Barrett v. Bd. of Educ. of Johnston Cnty., N.C.*, 13 F. Supp. 3d 502, 512 (E.D.N.C.), *aff'd on other grounds*, 590

F. App'x 208 (4th Cir. 2014). "Allegations of parallel conduct and a bare assertion of a conspiracy are not enough for a claim to proceed." *Thomas v. Salvation Army S. Terr.*, 841 F.3d 632, 637 (4th Cir. 2016) (citation omitted).

Plaintiff offers no more than conclusory statements that members of management at the NCDOJ conspired together to deprive plaintiff of her civil rights. Plaintiff offers no allegations that any of the defendants' actions were coordinated or pre-planned as part of an overarching scheme to discriminate against plaintiff. Plaintiff offers naked assertions that various colleagues stated that plaintiff was not competent in an effort to undermine her credibility. Stating that many of plaintiff's colleagues had the same opinion of plaintiff's performance abilities does not show that defendants had previously made a plan to make such statements. Plaintiff has not alleged a meeting of the minds; therefore, she has failed to state a claim under § 1985.

Plaintiff requests permission to amend her complaint for a second time in her response in opposition and has not filed a motion to amend. Plaintiff does not forecast evidence that would save her § 1985 claim and, due to the lateness of the request and its likely futility, the Court declines to grant the request to amend.

*Section 1983 Retaliation Claim (Count Three)*

Defendants move to dismiss plaintiff's § 1983 retaliation and hostile work environment claim, arguing that plaintiff has failed to state a claim. In order to establish a First Amendment retaliation claim, plaintiff must allege that (1) her speech when internally reporting the alleged discrimination was protected, (2) "defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech," and (3) that " a causal relationship exists between its speech and the defendant's retaliatory action." *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000). "Determining whether a plaintiff's First Amendment rights were adversely

affected by retaliatory conduct is a fact intensive inquiry that focuses on the status of the speaker, the status of the retaliator, the relationship between the speaker and the retaliator, and the nature of the retaliatory acts." *Id.* at 686. "[p]ersonal grievances, complaints about conditions of employment, or expressions about other matters of personal interest do not constitute speech about matters of public concern that are protected by the First Amendment, but are matters more immediately concerned with the self-interest of the speaker as employee." *Stroman v. Colleton Cty. Sch. Dist.*, 981 F.2d 152, 156 (4th Cir. 1992). Speech that is a matter of public concern is protected by the first amendment, but speech as an employee about a matter of personal interest is not. *See id.*; *Buxton v. Kurtinitis*, 862 F.3d 423, 427 (4th Cir. 2017).

In this case, plaintiff has failed to show that the alleged retaliation "was taken in response to the exercise of a constitutionally protected right." *Martin v. Duffy*, 858 F.3d 239, 250 (4th Cir. 2017). Plaintiff alleges that defendants scrutinized plaintiff's cases, second-guessed her work, and micromanaged plaintiff. Plaintiff does not offer facts that lead to the conclusion that these perceived slights occurred because plaintiff complained about not being promoted. To the contrary, plaintiff herself reports that defendants stated they did these activities because plaintiff was an incompetent attorney who was not capable of managing her own workload or exercising the authority that normally accompanied plaintiff's position. Plaintiff's naked assertions that her colleagues said this about her work performance as part of a scheme to discredit her seems implausible, given the lack of factually specific information about this included in the complaint. Accordingly, plaintiff has not stated a First Amendment retaliation claim.

Plaintiff argues that her § 1983 retaliation claim is cognizable as a hostile work environment claim but cites no case law to support this proposition. Plaintiff refers to Title VII

hostile work environment cases and then overstates the Fourth Circuit's direction in *Beardsley v. Webb* that "[c]ourts may apply the standards developed in Title VII litigation to similar litigation under § 1983." 30 F.3d 524, 529 (4th Cir. 1994). Accordingly, plaintiff has not defended the challenge to her claim and fails to state a Section 1983 hostile work environment claim.

*Title VII Retaliation (Count Four)*

Defendants seek to dismiss the remaining claim of Title VII retaliation by NCDOJ against plaintiff for failure to state a claim. To state a Title VII retaliation claim, a "plaintiff must prove (1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012). To prevail, plaintiff would have to show that "the desire to retaliate was the but-for cause of the challenged employment action." *Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 900 (4th Cir. 2017) (citations omitted) (quotations omitted). Employers are prohibited from taking "adverse employment action against an employee for opposing discriminatory practices in the workplace." *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998) (citing 42 U.S.C. § 2000e-3(a)). Adverse actions in the retaliation context are those that are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Railway Co. v. White*, 548 U.S. 53, 57 (2006). However, "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id.* at 68. A "tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington*

9

*Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). "A tangible employment action in most cases inflicts direct economic harm." *Id.* at 762

Plaintiff fails to meet the first element because none of the perceived slights that she reports constitute an adverse employment action. Plaintiff alleges that her work was scrutinized, second-guessed, and micromanaged as a result of reporting alleged discrimination. Plaintiff alleges that some authority was diverted away from her position and that her experience as an attorney was not properly valued. None of these alleged annoyances impacted plaintiff's compensation or benefits. Accordingly, plaintiff has not stated an adverse employment action.

Although plaintiff's "meets expectations" performance review did not qualify her for a merit-based bonus, disappointing performance evaluations "occur with frequency in the workplace" and do not qualify as an adverse employment action. *See Flanigan v. Fayetteville State Univ.*, 2016 U.S. Dist. LEXIS 6015, *10-11 (E.D.N.C. Jan. 19, 2016). An evaluation that is used to "detrimentally alter the terms or conditions of the recipient's employment" would be considered an adverse employment action. *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 377 (4th Cir. 2004) (quotation omitted). However, the fact that this bonus was merit-based means that it was not an automatic raise and needed to be earned. *See Harris v. Vanguard Grp., Inc.*, 2015 U.S. Dist. LEXIS 174235, *9-10 (W.D.N.C. Nov. 6, 2015), *adopted by* 2016 U.S. Dist. LEXIS 2417, *aff'd* 667 F. App'x 815 (4th Cir. 2016). Therefore, failure to achieve the merits-based bonus does not constitute an adverse employment action. Accordingly, plaintiff has failed to state a Title VII retaliation claim.

*Title VII hostile work environment claim (Count Four)*

Defendants move to dismiss plaintiff's Title VII hostile work environment claim, arguing that she has failed to state a claim. In order to state a claim for a hostile work environment in

violation of Title VII as a result of her grievance reporting, plaintiff must show that "(1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). "The words 'hostile work environment' are not talismanic, for they are but a legal conclusion; it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage." *Id.* Plaintiff's complaint is devoid of allegations that the micro-managing or scrutiny of her work was in any way based on plaintiff's gender, race, or age. Plaintiff includes no allegations that would tend to show race or gender motivation on the part of any of the defendants. Accordingly, plaintiff has failed to state a hostile work environment claim.

## CONCLUSION

Accordingly, the first motion to dismiss [DE 26] is DENIED AS MOOT. The second partial motion to dismiss [DE 41] is GRANTED. Remaining in the case is the 42 U.S.C. § 1983 claim in Count One as to defendants Dismukes and Elder, and the Title VII claim in Count Two as to the North Carolina Department of Justice.

SO ORDERED, this 29 day of August, 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE