IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:21-CV-00371-BO

| | |
|---|---|
| SONYA CALLOWAY-DURHAM,<br><br>　　　Plaintiff,<br><br>v.<br><br>N.C. DEPARTMENT OF JUSTICE, JOSHUA H. STEIN, in his individual and official capacity as Attorney General, LESLIE COOLEY DISMUKES, in her individual and official capacity as Criminal Bureau Chief, SHANNON CASSELL, in her individual and official capacity as former Civil Bureau Chief, and ALANA DANIELLE MARQUIS ELDER, in her individual and official capacity as Senior Deputy Attorney General,<br><br>　　　Defendants. | **ANSWER TO AMENDED COMPLAINT**<br><br>(Jury Trial Requested) |

Defendants North Carolina Department of Justice ("NCDOJ"), Leslie Cooley Dismukes ("Dismukes"), and Alana Danielle Marquis Elder ("Elder"), by and through their counsel, hereby respond to the Amended Complaint [ECF No. 40] as set forth below.

## ANSWER

Defendants respond to the numbered paragraphs of the Amended Complaint as follows:

1.　　It is admitted that the Amended Complaint purports to assert claims under 42 U.S.C. §§ 1981, 1983 and 1985(3), certain of which were dismissed by Order

entered on 29 August 2022 [ECF No. 50]. Except as admitted herein, the allegations contained in Paragraph 1 are denied.

2.     It is admitted that the Amended Complaint purports to assert claims under Title VII of the Civil Rights Act of 1964, certain of which were dismissed by Order entered on 29 August 2022 [ECF No. 50]. Except as admitted herein, the allegations contained in Paragraph 2 are denied.

3.     It is admitted that Plaintiff is a person who is over the age of eighteen. It is admitted that Plaintiff is employed by the NCDOJ in Raleigh, North Carolina. It is admitted that Plaintiff is employed in a permanent position and has been continuously employed by the State of North Carolina in a position subject to the State Personnel Act for the preceding 12 months. It is admitted on information and belief that Plaintiff resides in Granville County, North Carolina. Except as admitted herein, the allegations contained in Paragraph 3 are denied.

4.     It is admitted that the NCDOJ is an agency of the State of North Carolina. It is admitted that Plaintiff is employed by the NCDOJ. It is admitted that the NCDOJ maintains its principal office in Raleigh, North Carolina. Except as admitted herein, the allegations contained in Paragraph 4 are denied.

5.     It is admitted that Stein is a White male. It is admitted that Stein is the elected Attorney General of the State of North Carolina. It is admitted that the NCDOJ maintains its principal office in Raleigh, North Carolina. It is admitted that the NCDOJ operates under the supervision and direction of the Attorney General

2

pursuant to N.C. Gen. Stat. § 114-1. Except as admitted herein, the allegations contained in Paragraph 5 are denied.

6. It is admitted that Dismukes is a White female. It is admitted that Dismukes is employed by the NCDOJ, and currently serves as the Criminal Bureau Chief. It is admitted that Dismukes is employed in a position that is exempt from the State Personnel Act pursuant to N.C. Gen. Stat. § 126-5. Except as admitted herein, the allegations contained in Paragraph 6 are denied.

7. It is admitted that Cassell is a White female. It is admitted that Cassell is currently a contract employee with NCDOJ and previously served as the Civil Bureau Chief and Senior Counsel to the Chief Deputy Attorney General. It is admitted that Cassell was employed in positions that are exempt from the State Personnel Act pursuant to N.C. Gen. Stat. § 126-5. Except as admitted herein, the allegations contained in Paragraph 7 are denied.

8. It is admitted that Elder is a White female. It is admitted that Elder is employed by the NCDOJ and serves as the head of the Criminal Division, and supervises the heads of the following sections within the Criminal Division: Criminal Appeals; Appellate and Post-Conviction Section; Special Prosecutions and Law Enforcement; and Public Safety. It is admitted that Elder is employed in a position that is exempt from the State Personnel Act pursuant to N.C. Gen. Stat. § 126-5. Except as admitted herein, the allegations contained in Paragraph 8 are denied.

9. It is admitted that Cassell, Dismukes, and Elder were employees of the NCDOJ during 2020 and certain other times that are described in Plaintiff's

3

Amended Complaint. It is admitted that Dismukes and Elder exercised supervisory authority over Plaintiff in the Criminal Division. It is admitted that Cassell was vested with greater authority over matters in the Civil Division than Plaintiff. Except as admitted herein, the allegations contained in Paragraph 9 are denied

10. It is admitted that Stein became aware of the hiring panel's decision that James Trachtman should be promoted to the Public Safety Section Head position. It is admitted that the NCDOJ operates under the supervision and direction of the Attorney General pursuant to N.C. Gen. Stat. § 114-1. Except as admitted herein, the allegations contained in Paragraph 10 are denied.

11. It is admitted that Cassell, Dismukes, and Elder each participated in a hearing arising from Plaintiff's filing of a grievance regarding her non-promotion to the Public Safety Section Head position. Except as admitted herein, the allegations contained in Paragraph 11 are denied.

12. Denied.

13. Denied.

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent Paragraph 14 contains any factual allegations which require a response, they are denied.

15. It is admitted that the decision to select a candidate other than Plaintiff for the Public Safety Section Head position was made by persons who work primarily in Raleigh, North Carolina, which is situated within the Eastern District of North

4

Carolina. Except as admitted herein, the allegations contained in Paragraph 15 are denied.

16. It is admitted that Plaintiff filed a charge with the Equal Employment Opportunity Commission greater than thirty (30) days before the filing of this action. It is admitted that the Equal Employment Opportunity Commission issued Plaintiff a right to sue letter on or about 17 June 2021. Except as admitted herein, the allegations contained in Paragraph 16 are denied.

17. Denied.

18. Denied.

19. It is admitted that Plaintiff is an African-American/Black female. It is admitted on information and belief that Plaintiff was born in 1968. It is admitted that Plaintiff has been employed by the NCDOJ since January 2002. Except as admitted herein, the allegations contained in Paragraph 19 are denied.

20. It is admitted on information and belief that Plaintiff graduated from law school and passed the North Carolina State Bar exam in 1995. Except as admitted herein, the allegations contained in Paragraph 20 are denied.

21. It is admitted on information and belief that Plaintiff practiced law in private practice before she began her employment with NCDOJ. It is admitted that Plaintiff gained experience litigating various types of matters while in private practice and while employed by NCDOJ. Except as admitted herein, the allegations contained in Paragraph 21 are denied.

22.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, which are therefore denied.

23.     NCDOJ admits, and Dismukes and Elder admit on information and belief, that Plaintiff's first position with NCDOJ was as an Assistant Attorney General in the Labor Section of NCDOJ's Civil Division, and that she was supervised by Ralf Haskell and then Victoria Voight, and indirectly supervised by Reggie Watkins.  Except as admitted herein, the allegations contained in Paragraph 23 are denied.

24.     NCDOJ admits, and Dismukes and Elder admit on information and belief, that Plaintiff held her position in the Labor Section of NCDOJ's Civil Division from 2002 to 2011.  It is admitted that Plaintiff gained experience litigating various types of matters while working as an Assistant Attorney General in the Labor Section of NCDOJ's Civil Division.  Except as admitted herein, the allegations contained in Paragraph 24 are denied.

25.     NCDOJ and Elder admit, and Dismukes admits on information and belief, that, in 2011, Elder promoted Plaintiff to the role of Special Deputy Attorney General in the Capital Litigation and Habeas Corpus section of NCDOJ's Criminal Division, and Elder was her direct supervisor.  It is admitted that Elder was supervised first by William (Bill) H. Hart, Sr. and later by Robert Montgomery, each of which held the title Criminal Division Senior Deputy Attorney General.   Except as admitted herein, the allegations contained in Paragraph 25 are denied.

6

26.     It is admitted that Plaintiff gained experience litigating various types of matters while working as Special Deputy Attorney General in the Capital Litigation and Habeas Corpus section of NCDOJ's Criminal Division.  Except as admitted herein, the allegations contained in Paragraph 26 are denied.

27.     It is admitted that Stein was elected to be the Attorney General of North Carolina in November 2016.  It is admitted that, in November 2016, Roy Cooper was Attorney General and was elected to be Governor of the State of North Carolina.  It is admitted that Stein was sworn in as Attorney General in January 2017.  Except as admitted herein, the allegations contained in Paragraph 27 are denied.

28.     It is admitted that during the 2017 legislative session, the General Assembly reduced NCDOJ's annual budget by approximately $10 million.  Except as admitted herein, the allegations contained in Paragraph 28 are denied.

29.     It is admitted that Dismukes was hired by NCDOJ in or around December 2017, and she began serving as the Criminal Bureau Chief.  It is admitted that the position of Criminal Bureau Chief was created during reorganization efforts in NCDOJ in 2016 and 2017.  It is admitted that Robert Montgomery was the Criminal Division Senior Deputy Attorney General when Dismukes was hired.  It is admitted that the Criminal Bureau Chief had supervisory authority over the Criminal Division Senior Deputy Attorney General.  It is admitted that Dismukes was under the age of 40 at the time that she was hired.  Except as admitted herein, the allegations contained in Paragraph 29 are denied.

30.     It is admitted that David J. Adinolfi, II changed positions from head of the Special Prosecutions Section in or around December 2017.  It is admitted that David J. Adinolfi, II, filed a lawsuit against NCDOJ in which he alleged violations of federal and state law arising from his employment for NCDOJ.  Except as admitted herein, the allegations contained in Paragraph 30 are denied.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of certain allegations contained in Paragraph 31, including allegations about Plaintiff's conversations with others, and therefore they are denied. The remaining allegations contained in Paragraph 31 are denied.

32.     It is admitted that the NCDOJ employee who was identified in paragraph 32 of Plaintiff's Amended Complaint experienced a medical emergency in early 2018 while at work that warranted immediate medical attention.  Except as admitted herein, the allegations contained in Paragraph 32 are denied.

33.     It is admitted that the NCDOJ employee who was identified in paragraph 33 of Plaintiff's Amended Complaint experienced a medical emergency in early 2018 while at work that warranted immediate medical attention.  It is admitted on information and belief that Plaintiff interacted with the employee regarding her need for medical attention.  Except as admitted herein, the allegations contained in Paragraph 33 are denied.

34.     It is admitted that the NCDOJ employee who was identified in paragraphs 32-33 of Plaintiff's Amended Complaint and Plaintiff were supervised by Elder in early 2018.  It is admitted that Plaintiff reported the other employee's

8

medical emergency to Elder after it occurred. Except as admitted herein, the allegations contained in Paragraph 34 are denied.

35.     It is admitted that Elder spoke with the spouse of the NCDOJ employee who was identified in paragraphs 32-33 of Plaintiff's Amended Complaint about the employee's condition.     Except as admitted herein, the allegations contained in Paragraph 35 are denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39, and therefore they are denied.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40, and therefore they are denied.

41.     Denied.

42.     It is admitted that Robert Montgomery was Senior Deputy Attorney General and applied for retirement effective on or about 1 March 2018, after which Elder became the Criminal Division head and reported directly to Dismukes.  Except as admitted herein, the allegations contained in Paragraph 42 are denied.

43.     It is admitted that Dismukes discussed with Plaintiff that there was a position in the Public Safety Section that focused on satellite-based monitoring cases,

9

and that Dismukes and Elder wanted Plaintiff to take on the role. It is admitted that Joseph Finarelli was the head of the Public Safety Section at that time. Except as admitted herein, the allegations contained in Paragraph 43 are denied.

44. It is admitted that Plaintiff worked on cases involving sex crimes and that Plaintiff asked to maintain two of her "Cap Lit cases." It is admitted that everyone in the Criminal Division, including Plaintiff, is and remains on the brief rotation for direct appeals, which includes murder cases. It is admitted that Plaintiff was told that there was no hurry to move her office. Except as admitted herein, the allegations contained in Paragraph 44 are denied.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45, and therefore they are denied.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46, and therefore they are denied.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47, and therefore they are denied.

48. Denied.

49. It is admitted that NCDOJ hired Cassell in March 2018 as Senior Counsel to the Chief Deputy Attorney General. Except as admitted herein, the allegations contained in Paragraph 49 are denied.

50.     It is admitted that all attorneys in the Public Safety Section, including Plaintiff, were assigned cases involving inmate litigants.  It is admitted that Plaintiff handled cases involving satellite-based monitoring and the Parole Commission.  It is admitted that Plaintiff moved her office to the Public Safety Section from the Capital Litigation Section in or around April 2018.  Except as admitted herein, the allegations contained in Paragraph 50 are denied.

51.     It is admitted that Plaintiff was counsel to the North Carolina Department of Public Safety in two cases in which the North Carolina Department of Labor (Occupational Safety and Health Division ("OSHA")) issued a Citation and Notification of Penalty for violations of labor laws, and that those cases involved four fatalities.  It is admitted that Plaintiff was counsel to the North Carolina Department of Labor in many cases in which an OSHA violation was alleged.  Except as admitted herein, the allegations contained in Paragraph 51 are denied.

52.     It is admitted that the United States Supreme Court decided *State v. Grady* in 2015, which held that a civil regime like satellite-based monitoring can include searches within the purview of the Fourth Amendment and remanded the matter to the North Carolina state courts for a determination of whether satellite-based monitoring was a reasonable search (and therefore constitutional).  It is admitted that Plaintiff and other NCDOJ attorneys participated as counsel for the State of North Carolina in a number of cases in which challenges were lodged to the constitutionality of North Carolina's satellite-based monitoring regime.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of

11

the remaining allegations contained in Paragraph 52, and therefore they are denied. Except as admitted herein, the allegations contained in Paragraph 52 are denied.

53.     It is admitted on information and belief that that the employee of NCDOJ who was identified in paragraphs 32-33 of Plaintiff's Amended Complaint accompanied Plaintiff to a deposition in Fayetteville after the employee returned to work.  Except as admitted herein, the allegations contained in Paragraph 53 are denied.

54.     It is admitted that two "Cap Lit cases" that Plaintiff had retained when she moved to the Public Safety Section were reassigned to an attorney in the Appellate and Post-Conviction Section.  Except as specifically admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54, and therefore they are denied.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55, and therefore they are denied.

56.     It is admitted that the employee identified in paragraph 56 of Plaintiff's Amended Complaint suffered a medical emergency while in the parking lot of his office at NCDOJ and died.  Except as admitted herein, the allegations contained in Paragraph 56 are denied.

57.     It is admitted that Finarelli moved from the role of the head of the Public Safety Section in the Criminal Division to a position in the Civil Bureau in or around June 2019.  It is admitted that he was emotional when he personally informed

members of the Public Safety Section that he would be leaving the section to begin working in a different division of NCDOJ. It is admitted that Elder assured members of the section that they should still be able to continue their personal relationships with him, in part joking that he had "not gone to live with Jesus." Except as admitted herein, the allegations contained in Paragraph 57 are denied.

58. It is admitted that Elder, Dismukes, and Cassell shared responsibilities associated with the management of the Public Safety Section for an interim period. Except as admitted herein, the allegations contained in Paragraph 58 are denied.

59. It is admitted that Tammera Hill is a Black female. It is admitted that Ms. Hill was younger than 50 years old in 2019. It is admitted that Ms. Hill moved employment positions to become section head of the Public Safety Section from her role as section head of the Law Enforcement Liaison Section. It is admitted that Hill expressed that she enjoyed working in the Law Enforcement Liaison Section and preferred to stay in that role. It is admitted that Hill had worked in the Public Safety Section previously. Except as admitted herein, the allegations contained in Paragraph 59 are denied.

60. It is admitted that Cheryl Perry is a Black female and is classified as an Attorney III. It is denied that Cheryl Perry was "realigned;" Perry was an employee of the Department of Public Safety, not NCDOJ. Except as admitted herein, the allegations contained in Paragraph 60 are denied.

61.     It is admitted that Tamika Henderson is a Black female, and was promoted to Attorney V to the Special Litigation Section in the Civil Division.  Except as admitted herein, the allegations contained in Paragraph 61 are denied.

62.     It is admitted that Dan O'Brien and the paralegal identified in paragraph 62 became members of the Criminal Appeals department in or around August 2019.  It is admitted that the paralegal identified in paragraph 62 of Plaintiff's Amended Complaint died following health-related complications.  Except as admitted herein, the allegations contained in Paragraph 62 are denied.

63.     It is admitted that Corrine Lusic accepted a position with the Administrative Office of the Courts in October 2019.  Except as admitted herein, the allegations contained in Paragraph 63 are denied.

64.     It is admitted that, in or about December 2019 and January 2020, Cassell performed job duties that had been performed by the Chief Deputy Attorney General when that person suffered a health condition.  That employee later retired. Except as admitted herein, the allegations contained in Paragraph 64 are denied.

65.     It is admitted that Yvonne Ricci is a Black female and transferred from the Public Safety Section to the Department of Transportation, and was classified as an Attorney III in February 2020.   Except as admitted herein, the allegations contained in Paragraph 65 are denied.

66.     It is admitted that Terrence Steed and Orlando Rodriguez were promoted to positions in the Special Litigation Section from the Public Safety Section. Except as admitted herein, the allegations contained in Paragraph 66 are denied.

14

67.     It is admitted that Norlan Graves, a Black male, was promoted into an Attorney IV position in the Public Safety Section in May 2021.  Except as admitted herein, the allegations contained in Paragraph 67 are denied.

68.     It is admitted that employees who joined the Special Litigation Section following their service in the Public Safety Section retained cases that they had been working on at the time that they shifted roles.  It is admitted that Plaintiff was counsel to the North Carolina Department of Public Safety in two cases in which the North Carolina Department of Labor (Occupational Safety and Health Division) issued a Citation and Notification of Penalty for violations of labor laws.  It is admitted that precautions were taken to segregate those two cases from the defense of certain civil cases filed against the North Carolina Department of Public Safety.  Except as admitted herein, the allegations contained in Paragraph 68 are denied.

69.     It is admitted that Tammera Hill provided notice in or around May 2020 that she would be leaving her position as head of the Public Safety section.  It is admitted that Tammera Hill informed NCDOJ that she would be taking a position with the North Carolina Department of Public Safety.  It is admitted that NCDOJ posted the availability of the Public Safety Section Head position on or about 27 May 2020.  Except as admitted herein, the allegations contained in Paragraph 69 are denied.

70.     It is admitted that Plaintiff applied for the Public Safety Section Head position on or about 4 June 2020.  Except as admitted herein, the allegations contained in Paragraph 70 are denied.

71.     It is admitted that, in June 2020, NCDOJ selected an applicant other than Plaintiff for the Public Safety Section Head position.  It is admitted that Plaintiff was notified of this selection.  Except as admitted herein, the allegations contained in Paragraph 71 are denied.

72.     It is admitted that, in June 2020, NCDOJ selected James Trachtman for the Public Safety Section head position.  It is admitted that James Trachtman is a White male.  It is admitted that James Trachtman was admitted to the North Carolina State Bar in August 1995, and was born in the year alleged by Plaintiff.  It is admitted that James Trachtman joined NCDOJ's Public Safety Section in or around September 2019.  It is admitted on information and belief that James Trachtman has experience with issues of corporate law, among other experience. Except as admitted herein, the allegations contained in Paragraph 72 are denied.

73.     It is admitted that Trachtman was classified as an Attorney III in June 2020 before he was selected to be head of the Public Safety Section.   It is admitted that Plaintiff was classified as an Attorney IV at the same time.  It is admitted that the Public Safety Section Head position is classified as an Attorney Manager II. Except as admitted herein, the allegations contained in Paragraph 73  are denied.

74.     It is admitted that, at the time of her application for the Public Safety Section Head position, Plaintiff had litigation experience at both the trial and appellate levels.  Except as admitted herein, the allegations contained in Paragraph 74 are denied.

75.     It is admitted that, at the time of her application for the Public Safety Section Head position, Plaintiff had experience litigating civil cases. Except as admitted herein, the allegations contained in Paragraph 75 are denied.

76.     It is admitted that, at the time of her application for the Public Safety Section Head position, Plaintiff had experience litigating cases that involved the application of criminal law. Except as admitted herein, the allegations contained in Paragraph 76 are denied.

77.     It is admitted that, at the time of her application for the Public Safety Section Head position, Plaintiff had experience litigating cases before multiple courts. Except as admitted herein, the allegations contained in Paragraph 77 are denied.

78.     It is admitted that Plaintiff gained experience litigating various types of matters while working for NCDOJ in the Public Safety Section. Except as admitted herein, the allegations contained in Paragraph 78 are denied.

79.     It is admitted that legal representation of the North Carolina Department of Public Safety may involve issues of civil or criminal law. Except as admitted herein, the allegations contained in Paragraph 79 are denied.

80.     It is admitted that, at the time of her application for the Public Safety Section Head position, Plaintiff had experience litigating cases in private practice and in the public sector. Except as admitted herein, the allegations contained in Paragraph 80 are denied.

81.     Denied.

82.     Denied.

83.     It is admitted that the Elder and Dismukes were involved in the decision to select an applicant for the Public Safety Section Head position.  It also is admitted that Elder and Dismukes are women.  Except as admitted herein, the allegations contained in Paragraph 83 are denied.

84.     It is admitted that Plaintiff submitted a grievance on or about 29 June 2020 concerning the decision to hire Trachtman, and not Plaintiff, for the Public Safety Section Head position.  Except as admitted herein, the allegations contained in Paragraph 84 are denied.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 85, and therefore they are denied.

86.     It is admitted that Elder and Dismukes asked Ms. Hill whether she would recommend anyone for the Public Safety Section Head position, and in response Ms. Hill recommended James Trachtman for that position.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 86, and therefore they are denied.  Except as admitted herein, the allegations contained in Paragraph 86 are denied.

87.     The Court dismissed Plaintiff's retaliation claims by order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the remaining paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Grieves Denial of Promotion; Retaliation Ensues" [Paragraphs 87 – 95].  To

the extent a response is required to the allegations contained in Paragraph 87, they are denied.

88.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the remaining paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Grieves Denial of Promotion; Retaliation Ensues" [Paragraphs 87 – 95].  To the extent a response is required to the allegations contained in Paragraph 88, they are denied.

89.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the remaining paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Grieves Denial of Promotion; Retaliation Ensues" [Paragraphs 87 – 95].  To the extent a response is required to the allegations contained in Paragraph 89, they are denied.

90.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the remaining paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Grieves Denial of Promotion; Retaliation Ensues" [Paragraphs 87 – 95].  To the extent a response is required to the allegations contained in Paragraph 90, they are denied.

91.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the remaining

19

paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Grieves Denial of Promotion; Retaliation Ensues" [Paragraphs 87 – 95]. To the extent a response is required to the allegations contained in Paragraph 91, they are denied.

92. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the remaining paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Grieves Denial of Promotion; Retaliation Ensues" [Paragraphs 87 – 95]. To the extent a response is required to the allegations contained in Paragraph 92, they are denied.

93. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the remaining paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Grieves Denial of Promotion; Retaliation Ensues" [Paragraphs 87 – 95]. To the extent a response is required to the allegations contained in Paragraph 93, they are denied.

94. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the remaining paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Grieves Denial of Promotion; Retaliation Ensues" [Paragraphs 87 – 95]. To the extent a response is required to the allegations contained in Paragraph 94, they are denied.

95.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the remaining paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Grieves Denial of Promotion; Retaliation Ensues" [Paragraphs 87 – 95].  To the extent a response is required to the allegations contained in Paragraph 95, they are denied.

96.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111].  To the extent a response is required to the allegations contained in Paragraph 96, they are denied.

97.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111].  To the extent a response is required to the allegations contained in Paragraph 97, it is admitted that Elder and Dismukes reviewed all responses to state habeas petitions for a time period that included August 2020, and that Elder and Dismukes edited a response to a state habeas petition that Plaintiff prepared.  Except as admitted herein, the allegations contained in Paragraph 97 are denied.

98. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111]. To the extent a response is required to the allegations contained in Paragraph 98, they are denied.

99. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111]. To the extent a response is required to the allegations contained in Paragraph 99, they are denied.

100. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111]. To the extent a response is required to the allegations contained in Paragraph 100, they are denied.

101. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully

Defend Them" [Paragraphs 96 – 111]. To the extent a response is required to the allegations contained in Paragraph 101, they are denied.

102. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111]. To the extent a response is required to the allegations contained in Paragraph 102, they are denied.

103. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111]. To the extent a response is required to the allegations contained in Paragraph 103, they are denied.

104. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111]. To the extent a response is required to the allegations contained in Paragraph 104, they are denied.

105. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs

contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111]. To the extent a response is required to the allegations contained in Paragraph 105, it is admitted that leadership in NCDOJ make the decision about which cases will be appealed or made the subject of a petition for further review. Except as admitted, the allegations contained in Paragraph 105 are denied.

106. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111]. To the extent a response is required to the allegations contained in Paragraph 106, it is admitted that leadership in NCDOJ make the decision about which cases will be appealed or made the subject of a petition for further review. Except as admitted, the allegations contained in Paragraph 106 are denied.

107. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111]. To the extent a response is required to the allegations contained in Paragraph 107, they are denied.

108.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111].  To the extent a response is required to the allegations contained in Paragraph 108, it is admitted that Plaintiff was not included in the counsel group designated to handle state habeas cases.  Except as admitted, the allegations in Paragraph 108 are denied.

109.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111].  To the extent a response is required to the allegations contained in Paragraph 109, they are denied.

110.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111].  To the extent a response is required to the allegations contained in Paragraph 110, they are denied.

111.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs

contained in the section of the Amended Complaint that is labeled "Plaintiff Was Assigned Habeas Cases But Defendants Interfered With Her Ability to Successfully Defend Them" [Paragraphs 96 – 111]. To the extent a response is required to the allegations contained in Paragraph 111, they are denied.

112. Elder and NCDOJ admit that Elder's testimony at the grievance hearing included information about her professional background and her professional experience with Plaintiff. Dismukes lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 112, which she therefore denies. Except as admitted herein, the allegations contained in Paragraph 112 are denied.

113. It is admitted that NCDOJ's interview panel for the Public Safety Section Head position in 2020 consisted of Elder, Dismukes, and Tina Wong. It is admitted that Tina Wong works in Human Resources for NCDOJ. Except as admitted herein, the allegations contained in Paragraph 113 are denied.

114. Elder and NCDOJ admit that Elder's testimony at the grievance hearing included information about her professional experiences with Plaintiff and Trachtman, including that Trachtman "hit the ground running" when he was hired and that he ably handled a litigation load. Dismukes lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 114, which she therefore denies. Except as admitted herein, the allegations contained in Paragraph 114 are denied.

115. Elder and NCDOJ admit that Elder's testimony at the grievance hearing included information about her professional experience with Plaintiff, including that

26

Plaintiff was not in the top three candidates of the applicant pool. Dismukes lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 115, which she therefore denies. Except as admitted herein, the allegations contained in Paragraph 115 are denied.

116. Elder and NCDOJ admit that Elder's testimony at the grievance hearing included information about her professional experience with Plaintiff and the interview with Plaintiff for the Public Safety Section Head position. Dismukes lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 116, which she therefore denies. Except as admitted herein, the allegations contained in Paragraph 116 are denied.

117. Elder and NCDOJ admit that Elder's testimony at the grievance hearing included information about her professional experience with Plaintiff and the interview with Plaintiff for the Public Safety Section Head position. Dismukes lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 117, which she therefore denies. Except as admitted herein, the allegations contained in Paragraph 117 are denied.

118. Elder and NCDOJ admit that Elder's testimony at the grievance hearing included information about her professional experience with Plaintiff. Dismukes lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 118, which she therefore denies. Except as admitted herein, the allegations contained in Paragraph 118 are denied.

119.    Elder and NCDOJ admit that Elder's testimony at the grievance hearing included information about her professional experience with Plaintiff.  Dismukes lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 119, which she therefore denies.    Except as admitted herein, the allegations contained in Paragraph 119 are denied.

120.    Elder and NCDOJ admit that Elder's testimony at the grievance hearing included information about her professional experience with Plaintiff.  Dismukes lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 120, which she therefore denies.    Except as admitted herein, the allegations contained in Paragraph 120 are denied.

121.    Elder and NCDOJ admit that Elder's testimony at the grievance hearing included information about her professional experience with Plaintiff.  Dismukes lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 121, which she therefore denies.    Except as admitted herein, the allegations contained in Paragraph 121 are denied.

122.    Elder and NCDOJ admit that Cassell testified at the grievance hearing regarding her professional experience with Plaintiff.  Dismukes lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 122, which she therefore denies.    Except as admitted herein, the allegations contained in Paragraph 122 are denied.

123. It is admitted that Dismukes testified at the grievance hearing regarding her professional experience with Plaintiff. Except as admitted herein, the allegations contained in Paragraph 123 are denied.

124. Elder and NCDOJ admit that Tammera Hill testified at the grievance hearing regarding her professional experience with Plaintiff. Dismukes lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 124, which she therefore denies. Except as admitted herein, the allegations contained in Paragraph 124 are denied.

125. Elder and NCDOJ admit that Victoria Voight testified at the grievance hearing in support of Plaintiff. Dismukes lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 125, which she therefore denies. Except as admitted herein, the allegations contained in Paragraph 125 are denied.

126. Elder and NCDOJ admit that Gregory Stafford testified at the grievance hearing in support of Plaintiff. Dismukes lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 126, which she therefore denies. Except as admitted herein, the allegations contained in Paragraph 126 are denied.

127. Elder and NCDOJ admit that Annie Harvey testified at the grievance hearing in support of Plaintiff. Dismukes lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 127, which she therefore denies. Except as admitted herein, the allegations contained in Paragraph 127 are denied.

128. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs

contained in the section of the Amended Complaint that is labeled "Post Grievance Hearing Retaliation" [Paragraphs 128 – 140]. To the extent a response is required to the allegations contained in Paragraph 128, they are denied.

129. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Post Grievance Hearing Retaliation" [Paragraphs 128 – 140]. To the extent a response is required to the allegations contained in Paragraph 129, they are denied.

130. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Post Grievance Hearing Retaliation" [Paragraphs 128 – 140]. To the extent a response is required to the allegations contained in Paragraph 130, they are denied.

131. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Post Grievance Hearing Retaliation" [Paragraphs 128 – 140]. To the extent a response is required to the allegations contained in Paragraph 131, they are denied.

132. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Post Grievance

Hearing Retaliation" [Paragraphs 128 – 140]. To the extent a response is required to the allegations contained in Paragraph 132, they are denied.

133. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Post Grievance Hearing Retaliation" [Paragraphs 128 – 140]. To the extent a response is required to the allegations contained in Paragraph 133, they are denied.

134. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Post Grievance Hearing Retaliation" [Paragraphs 128 – 140]. To the extent a response is required to the allegations contained in Paragraph 134, they are denied.

135. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Post Grievance Hearing Retaliation" [Paragraphs 128 – 140]. To the extent a response is required to the allegations contained in Paragraph 135, they are denied.

136. The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Post Grievance Hearing Retaliation" [Paragraphs 128 – 140]. To the extent a response is required to the allegations contained in Paragraph 136, they are denied.

137.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Post Grievance Hearing Retaliation" [Paragraphs 128 – 140]. To the extent a response is required to the allegations contained in Paragraph 137, they are denied.

138.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Post Grievance Hearing Retaliation" [Paragraphs 128 – 140]. To the extent a response is required to the allegations contained in Paragraph 138, they are denied.

139.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Post Grievance Hearing Retaliation" [Paragraphs 128 – 140]. To the extent a response is required to the allegations contained in Paragraph 139, they are denied.

140.    The Court dismissed Plaintiff's retaliation claims by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to the paragraphs contained in the section of the Amended Complaint that is labeled "Post Grievance Hearing Retaliation" [Paragraphs 128 – 140]. To the extent a response is required to the allegations contained in Paragraph 140, they are denied.

141.   Paragraph 141 does not contain factual allegations which require a response.  Defendants incorporate their responses to any paragraphs of the Amended Complaint incorporated by referenced into the Counts identified below.

### COUNT ONE:  RACE, COLOR AND SEX DISCRIMINATION IN VIOLATION OF SECTIONS 1981, 1983, AND 1985(3) AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITY

142.   It is admitted that Plaintiff is a Black female.  Except as admitted herein, the allegations contained in Paragraph 142 are denied.

143.   It is admitted that Elder and Dismukes are employees of the North Carolina Department of Justice, which is an agency of the State of North Carolina.  The remainder of Paragraph 143 states a legal conclusion to which no response is required.  To the extent Paragraph 143 contains any additional factual allegations which require a response, they are denied.

144.   It is admitted that Plaintiff possessed the qualifications specified for applicants for the position that she applied for.  It is admitted that Plaintiff was not selected for the position and that James Trachtman was selected.  It is admitted that Trachtman is a White male.  Except as admitted herein, the allegations contained in Paragraph 144 are denied.

145.   Denied.

146.   Denied.

147.   Denied.

148.   The Court dismissed Plaintiff's conspiracy claim by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required to this allegation.

To the extent that a response is required, the allegations contained in Paragraph 148 are denied.

149.    Denied.

## COUNT TWO:  RACE, COLOR AND SEX DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST DEFENDANT NCDOJ AND THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITY

150.    It is admitted that Plaintiff is a Black female.  It also is admitted that Plaintiff is employed by NCDOJ.   Except as admitted herein, the allegations contained in Paragraph 150 are denied.

151.    It is admitted that Plaintiff possessed the qualifications specified for applicants for the position that she applied for.  It is admitted that Plaintiff was not selected for the position and that James Trachtman was selected.  It is admitted that Trachtman is a White male.  Except as admitted, the allegations in Paragraph 151 are denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

## COUNT THREE:  RETALIATION IN VIOLATION OF SECTION 1981 AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITY

156.    The Court dismissed this claim by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required.  To the extent a response is required to the allegations contained in Paragraph 156, they are denied.

34

157.  The Court dismissed this claim by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required.  To the extent a response is required to the allegations contained in Paragraph 157, they are denied.

158.  The Court dismissed this claim by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required.  To the extent a response is required to the allegations contained in Paragraph 158, they are denied.

159.  The Court dismissed this claim by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required.  To the extent a response is required to the allegations contained in Paragraph 159, they are denied.

160.  The Court dismissed this claim by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required.  To the extent a response is required to the allegations contained in Paragraph 160, they are denied.

COUNT FOUR:  RETALIATION IN VIOLATION OF TITLE VII AGAINST THE DEFENDANT DOJ INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITY

161.  The Court dismissed this claim by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required.  To the extent a response is required to the allegations contained in Paragraph 161, they are denied.

162.  The Court dismissed this claim by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required.  To the extent a response is required to the allegations contained in Paragraph 162, they are denied.

163.  The Court dismissed this claim by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required.  To the extent a response is required to the allegations contained in Paragraph 163, they are denied.

35

164.    The Court dismissed this claim by Order entered on 29 August 2022 [ECF No. 50], and therefore no response is required.  To the extent a response is required to the allegations contained in Paragraph 164, they are denied.

**ANY ALLEGATIONS NOT SPECIFICALLY ADMITTED ARE DENIED.**

### FIRST FURTHER DEFENSE

Plaintiff was not selected for the Public Safety Section Head position in 2020 for legitimate and non-discriminatory reasons.

### SECOND FURTHER DEFENSE

Plaintiff's claims against Dismukes and Elder are barred by qualified immunity to the extent Plaintiff's theory of liability is grounded in rights not clearly established at the time of the promotion decision.

### THIRD FURTHER DEFENSE

Plaintiff's claims are barred to the extent that she failed to exhaust any available administrative remedies.

### RESERVATION OF DEFENSES

Defendants reserve the right to assert such other and further defenses that become known to any of them during the course of this action.

WHEREFORE, Defendants respectfully pray that:

A.    Plaintiff have and recover nothing of Defendants in this action, and that the Amended Complaint be dismissed;

B.    The Court tax all costs of this action against Plaintiff;

C.    The Court grant a jury trial on all matters triable by jury; and

36

D.     The Court grant such other and further relief to Defendants as it deems just and proper.

Respectfully submitted, this the 3rd day of October, 2022.

MORNINGSTAR LAW GROUP

   /s/ Jeffrey L. Roether
Shannon R. Joseph
N.C. State Bar No. 22144
sjoseph@morningstarlawgroup.com
Amie Flowers Carmack
N.C. State Bar No. 21970
acarmack@morningstarlawgroup.com
421 Fayetteville St., Suite 530
Raleigh, NC  27601
Telephone: (919) 590-0370
Facsimile:  (919) 882-8890

Jeffrey L. Roether
N.C. State Bar No. 48229
jroether@morningstarlawgroup.com
700 W. Main St.
Durham, NC  27701
Telephone: (919) 590-0368

*Attorneys for Defendants*

37

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Answer to Amended Complaint was this day served by filing the document electronically via the CM/ECF system, which will send notification of such filing to the following participants:

> Valerie L. Bateman
> New South Law Firm
> 209 Lloyd Street, Ste. 350
> Carrboro, NC  27510

> June Allison
> New South Law Firm
> 233 Laurel Avenue
> Charlotte, NC  28207

> *Attorneys for the Plaintiff*

This the 3rd day of October, 2022.

MORNINGSTAR LAW GROUP

 /s/ Jeffrey L. Roether
*Attorney for Defendants*

Case 5:21-cv-00371-BO   Document 52   Filed 10/03/22   Page 38 of 38