UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:21-cv-000371-BO

| | | |
|---|---|---|
| SONYA CALLOWAY-DURHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **STIPULATED** |
| | ) | **PROTECTIVE ORDER** |
| N.C. DEPARTMENT OF JUSTICE, | ) | |
| LESLIE COOLEY DISMUKES, in her | ) | |
| individual and official capacity as | ) | |
| Criminal Bureau Chief, and ALANA | ) | |
| DANIELLE MARQUIS ELDER, in her | ) | |
| individual and official capacity as Senior | ) | |
| Deputy Attorney General, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon joint motion and stipulation by the parties, the Court enters the following Order:

1.    It appears that the discovery process in this action may involve the production of information is confidential under applicable laws, including but not limited to information in personnel files, medical information, and testimony and that each party may use such information in the prosecution or defense of their case.

The parties have an interest in limiting the disclosure of the records and information for any purposes other than the litigation of process of this case, such that good cause exists for the entry of an Order limiting the disclosure of such information.

THE PARTIES STIPULATE AND IT IS ORDERED that:

1

1.	**Confidential Information.**  Confidential Information may include personnel records of current or former NCDOJ employees as provided in N.C. Gen. Stat. §§ 126-22, -23 and -24; or information designated confidential in other applicable statutes including but not limited to the North Carolina Identify Theft Protection Act of 2005; the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 12329, and its implementing regulations, 34 C.F.R. pt.99; medical information pursuant to the ADA and N.C. Gen. Stat. §§ 126-24; or other information protected from public disclosure by any applicable law, regulation, protective order, or nondisclosure agreement. Confidential Personnel Information may be located in, but not limited to, the following documents or materials: personnel files, interview files and the information contained therein, supervisory notes and documentation, any other similar documents, medical records or other health-related information; and financial records.

2.	**Designation as Confidential.** Any party producing or furnishing information of request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in this Order may designate information as confidential. Such designation shall be made at the time the information is produced or furnished, or at a later time as provided herein in paragraph 6. Any non- party called on to produce documents or provide information may do so under the processes and protections set forth in this Order. The designation of documents or information as "Confidential Information" shall not be conclusive for purposes of any substantive issues in this case.

.

2

3. **Procedure for Designating Information as Confidential.**

Parties may designate Confidential Materials in the following manner:

a.     In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method that will make the word conspicuous;

b.     In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternately, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential"; or

c.     In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Material is about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as Confidential Materials, counsel for that party should indicate in a clear fashion the portion of the document or testimony that is intended to be designated as

3

confidential. A party may also designate any portion of a deposition transcript or deposition exhibits as Confidential Information within thirty (30) days after receipt of the transcript by informing counsel of record in writing of the designation.

d. If a non-party desires to designate any portion of a deposition as Confidential Information, the designating party or witness shall have thirty (30) days after receipt of the transcript to designate portions of the transcript or exhibits thereto as Confidential Information and inform counsel of record in writing of such designation.

4. **Restricted Use of Confidential Information**

a. All documents or information designated as Confidential Information shall be treated as confidential and the use or disclosure of such documents or information shall be governed by the terms of this Order. Confidential Information, including copies or summaries thereof, shall be used only for the purposes of this action and shall not be used or employed for any other purpose whatsoever, including that use is prohibited in connection with or for any other lawsuit, action, hearing or proceeding, without further order of the Court, express agreement by both parties, and/or pursuant to a subpoena after notice has been given to the designating party.

4

b.    Confidential Information shall not be disclosed or made available to anyone except:

    i.    the Court and its staff;

   ii.    the parties to this action, including officers, directors or employees of the parties who have a need to know the information for purposes of this action, counsel for the parties to this action and their staff members, including professional, paralegal, and clerical personnel assisting counsel who have a need to handle the Confidential Information under ordinary office procedure;

  iii.    experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

  iv.    any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether by deposition or at trial), and such non-party witnesses or potential witnesses who counsel reasonably deem necessary for the preparation and trial of this action;

   v.    court reporters present in their official capacity at any proceeding in this action; and

  vi.    mediators, or members of the mediator's staff, who are involved in this action either by assignment or by agreement of the parties; or

 vii.    other individuals by mutual consent in writing.

5

5.     **Use and Disclosure of Confidential Information.** Pursuant to this Order shall be handled as follows.

a.     Any person who receives Confidential Information is bound by the provisions of this Order.

b.     Before Confidential Information is disclosed to any person set forth in subparagraphs 4(b)(iii-iv) of this Order, the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A.

c.     As long as Confidential Information is handled in accordance with this Order, this Order shall not be construed as prohibiting or restricting the use of Confidential Information for this action. Similarly, no party shall be deemed to have waived any objections as to the admissibility of any Confidential Information into evidence in connection with any proceeding in this action.

d.     Any Confidential Information which is filed with the Court shall be filed under seal pursuant to Local Civil Rule 79.2.

6.     **Inadvertent Disclosure.** If a party inadvertently produced materials which should have been, but were not, marked "Confidential, the party may designate such materials as "Confidential" by notifying counsel for the error and producing the

6

documents anew with the "Confidential" designation before the discovery deadline set by the Court. The parties will then treat those document as if they had been marked "Confidential" when they were first produced.

7. **Right to Object or Seek Modification.**

    a.    Notwithstanding any other provision, this Order shall not prejudice the right of any party to object to discovery on other grounds.

    b.    Any party may, on reasonable notice to the opposing party's counsel, move for an order relieving it of any of the provisions of this Order for good cause shown. The parties may seek modification of this Order.

    c.    If any party hereto disagrees with the designation of any documents or information as confidential, counsel shall attempt in good faith to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, the material in question shall continue to be treated as confidential under the terms of this Order unless and until the Court issues a final ruling that the material is not of a confidential nature. In the event of any such dispute, the party who designated the documents or information as confidential shall have the burden of proving the confidential nature of such documents or information. No party waives its objection to the

7

designation of documents or information as Confidential Information by waiting to challenge a designation until such time as a party seeks to file or use the document with the Court.

8.     **Duration of Order.** This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate. Otherwise, this Order shall remain in effect for the period of this litigation and subsequent to its termination so as to protect the confidentiality of the Confidential Information.

9.     **Ultimate Disposition of Confidential Information.** Ultimate disposition of materials and information protected by this Order is subject to a final order of the Court upon completion of litigation. In the absence of a final order of the Court addressing the disposition of Confidential Information, the parties agree that counsel for each party shall, not later than thirty (30) days after the termination of this litigation, collect from any experts, consultants or non-party witnesses to whom any documents containing Confidential Information were disclosed pursuant to the terms of this Order, any and all documents containing Confidential Information, including without limitation, any copies or excerpts of such documents. Counsel of record for each party shall be permitted to retain in their files pleadings and discovery documents that incorporate Confidential Information, including one copy of all documents containing information subject to this Order obtained during the course of this litigation and shall return or destroy all other copies; provided, however, the

8

prohibitions against the use or disclosure of Confidential Information as set forth above shall continue to apply to said counsel. Counsel shall provide a certification that they have destroyed or returned all copies of Confidential Information except pleadings and discovery documents that incorporate Confidential Information, including one copy of all documents containing information subject to this Order.

10.     **Protection of Copies.** All copies, extracts, or summaries prepared from Confidential Information produced or provided under the terms of the Order shall be subject to the same terms of this Order as the Confidential Information from which such copies, extracts, or summaries were prepared, if properly designated.

11.     **Scope of Order.**

a.      Provided that there is no objection to production or disclosure based on any permissible ground other than privacy protections (such as relevancy, burden, privilege, work-product, or any other objection permitted under the federal rules or applicable substantive law), this protections of this Order enable NCDOJ to disclose to Plaintiff's counsel any information that falls within the definition of Confidential Information that would otherwise be shielded from production or disclosure by applicable law.

b.      Nothing in this Order is intended to interfere with an individual's right to examine his own personnel file and the right of Defendants and a defendant's designated representative(s) from examining personnel information to the extent permitted by law.

9

NOW THEREFORE IT IS HEREBY ORDERED for good cause shown and with the consent of the parties that the discovery of protected personnel records and other information shall be had only on the following terms.

1.      All information and documents from protected personnel records produced by the parties concerning current and/or former state employees shall be treated as confidential and shall not be disclosed for any purposes other than the proceedings in this litigation.

2.      The parties may disclose such confidential records and information only to:

      a.      the Court and its staff;

      b.      the parties to this action, including officers, directors or employees of the parties who have a need to know the information for purposes of this action, counsel for the parties to this action and their staff members, including professional, paralegal, and clerical personnel assisting counsel who have a need to handle the Confidential Information under ordinary office procedure;

      c.      experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

      d.      any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether by deposition or at trial), and such non-party witnesses or potential witnesses whom counsel reasonably deem necessary for the preparation and trial of this action;

10

e.    court reporters present in their official capacity at any proceeding in this action;

f.    mediators, or members of the mediator's staff, who are involved in this action either by assignment or by agreement of the parties; and

g.    other individuals by mutual consent stated in writing.

3.    All such persons to whom confidential information and records are disclosed shall be informed of this Consent Protective Order and shall be bound by its terms and conditions.

4.    No copies of any confidential document shall be made except as is necessary for the preparation and hearing of this case.

5.    At the conclusion of this litigation, counsel of record for each party shall be permitted to retain one copy of pleadings, discovery documents, and case materials in their files that incorporate Confidential Information and one copy of all documents containing information subject to this Order obtained during the course of this litigation and shall return or destroy all other copies all copies of confidential documents. Counsel shall serve on opposing counsel a certification that they have destroyed or returned all copies of Confidential Information except pleadings, discovery documents, and case materials that incorporate Confidential Information, including one copy of all documents containing information subject to this Order.

6.    By consenting to this protective order, the parties do not waive any objections regarding privilege, work-product protections, and any other objection based on relevancy or otherwise permitted by the federal rules and applicable substantive law.

11

**STIPULATED AND CONSENTED TO THIS THE 24th DAY OF April, 2023:**


/s/ VALERIE L. BATEMAN
Valerie L. Bateman
NEW SOUTH LAW FIRM
NC State Bar No. 13417
209 Lloyd St., Ste 350
Carrboro, NC 27510
Tel: 919.810.3139
valerie@newsouthlawfirm.com

/S/ JUNE K. ALLISON
June K. Allison
NC State Bar No. 9673
NEW SOUTH LAW FIRM
233 S. Laurel Ave.
Charlotte, NC 28207
Tel: 704.277.0113
june@newsouthlawfirm.com

*Counsel for Plaintiff*

/s/ SHANNON JOSEPH
Shannon Joseph
N.C. State Bar No. 22144
Morningstar Law Group
421 Fayetteville Street, Suite 530
Raleigh, NC 27601
sjoseph@morningstarlawgroup.com
Tel: (919) 590-0370

/S/ JEFFREY L. ROETHER
Jeffrey L. Roether
N.C. State Bar No. 48229
Morningstar Law Group
700 W. Main St.
Durham, NC 27701
jroether@morningstarlawgroup.com
Tel: (919) 590-0368

*Counsel for Defendants*

12

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I have read and am familiar with the terms of the Consent Protective Order governing the disclosure of confidential information in the case of *Calloway v. NC Dept of Justice et al*, Civil Action No. 5:21-CV-000371-BO, and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information or material obtained pursuant to that Order other than for purposes of this litigation.

I also agree to return to counsel of record not later than thirty (30) days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

I also agree to be subject the jurisdiction of the United States District Court for the Eastern District of North Carolina for purposes of enforcing this Confidentiality Agreement and associated Consent Protective Order.

Signature: _____

Printed Name: _____

Date: _____

13

SO ORDERED.

This the 11 day of _May_, 2023.

_Terrence Boyle_

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

14