IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-371-BO

| | |
|---|---|
| SONYA CALLOWAY-DURHAM, )<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>N.C. DEPARTMENT OF JUSTICE, *et al.* )<br>*Defendants*. ) | O R D E R |

This cause comes before the Court on plaintiff's motion to review and reconsider certain portions of a prior order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Defendants have responded in opposition and the time for filing a reply has expired. In this posture, the motion is ripe for ruling. For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

Plaintiff's suit arises from defendants' allegedly discriminatory actions regarding her employment. By order entered August 29, 2022, [DE 50], the Court granted defendants' partial motion to dismiss, leaving plaintiff's failure to promote claim under 42 U.S.C. § 1983 against defendants Dismukes and Elder in Count One and plaintiff's Title VII claim against the North Carolina Department of Justice in Count Two for adjudication. Both of plaintiff's remaining claims center on her non-selection for promotion to be the head of the Public Safety Section at the North Carolina Department of Justice.

## DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise any order entered prior to entry of final judgment. The decision to do so lies within the discretion of the court, which is not bound by the strict standards applicable to requests to reconsider final

judgment but which should be guided by the principles of the doctrine of law of the case. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation, alterations, and citation omitted) (noting similarity of this standard to that applicable to Rule 59(e) motions, except that law-of-the-case standard allows for new evidence discovered during litigation as opposed to evidence not available at trial to serve as basis for reconsideration motion). Motions to reconsider interlocutory orders are "disfavored and should be granted sparingly." *Wootten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (internal quotation and citation omitted).

Plaintiff has failed to demonstrate that reconsideration of the Court's August 2022 order is warranted.

Plaintiff asks the Court to reconsider its decision to dismiss Attorney General Joshua Stein as a defendant in her § 1983 failure to promote claim as well as her Title VII retaliation claim in light of evidence revealed during the course of discovery in this action and after the close of the pleadings. Plaintiff contends that she has learned through the course of discovery and review of internal emails which are attached to her motion that Stein had knowledge of and involvement in plaintiff's non-selection as Public Safety Section head.

The Court dismissed plaintiff's claims against Attorney General Stein after determining that she had failed allege facts which would support her claim that Stein was aware of the decision not to promote plaintiff and that he approved of it. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). A Rule 12(b)(6) motion tests the sufficiency of the allegations in the complaint and is

2

not concerned with extrinsic documents such as the emails attached to plaintiff's Rule 54(b) motion. *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015). But, importantly, plaintiff has not asked the Court for leave to amend her complaint to add allegations concerning Stein's knowledge and approval, and as she has noted the time for amending pleadings had passed prior to her filing the instant motion. Rule 54(b) is simply not the proper mechanism by which to add additional claims or allegations to plaintiff's amended complaint, and plaintiff has failed to demonstrate that this Court should depart from the law of this case.

Plaintiff further asks the Court to reconsider the dismissal of her Title VII retaliation claim in light of evidence revealed during discovery. The Court dismissed plaintiff's Title VII retaliation claim after determining that none of the perceived slights about which plaintiff complained constituted an adverse employment action. Now, plaintiff contends that she has discovered that she was also not selected for head of the Labor Section in the Civil Division, and that when responding to the motion to dismiss she did not have specific facts to show she suffered adverse action because she had not yet been rejected for that position. Plaintiff contends that her non-selection for the Labor Section head position was in retaliation for her complaints about being denied the promotion to Public Safety Section head.

Again, Rule 54(b) does not provide plaintiff with an avenue to the relief that she seeks. Once plaintiff was not selected for the Labor Section position, if she believed this was due to her having complained about her non-selection for the Public Safety Section head position, she could have moved to amend her complaint to add such a claim. Indeed, plaintiff was notified of her non-selection for the Labor Section position on September 22, 2022, [DE 66-2], and the deadline to amend her complaint was December 31, 2022. But reconsideration of the Court's order granting the dismissal of plaintiff's retaliation claim would be improper, as the challenged amended

3

complaint included no allegations regarding plaintiff's application or non-selection for the Labor Section position.

Plaintiff has not sought leave to file a second amended complaint, and the Court will not construe her Rule 54(b) motion as a request to amend. To be granted leave to amend a pleading after a deadline imposed by the scheduling order requires a party to demonstrate good cause, which requires demonstration of diligence. *Benjamin v. Sparks*, No. 4:14-CV-186-D, 2018 WL 11608141, at *1 (E.D.N.C. Sept. 25, 2018). But even assuming, without deciding, that plaintiff could show the requisite diligence, granting leave to amend would be futile. *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (leave to amend may be denied where amendment would not survive motion to dismiss). The evidence attached to plaintiff's motion does not reveal that Stein was aware that plaintiff, or any other person, had applied for the Public Safety Section head position, or that he was involved in any decision not to promote plaintiff or had any tacit authorization of a discriminatory act. *King v. Rubenstein*, 825 F.3d 206, 224 (4th Cir. 2016) ("a supervisor can be liable [under § 1983] where (1) he knew that his subordinate 'was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury'; (2) his response showed 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) that there was an 'affirmative causal link' between his inaction and the constitutional injury.") (citation omitted).

To demonstrate a Title VII retaliation claim, a plaintiff must show that the relevant decisionmaker knew of the protected activity; further, a period of years between the decisionmaker "becoming aware of the protected activity and alleged adverse employment action . . . 'negates any inference that a causal connection exists between the two.'" *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 124-127 (4th Cir. 2021) (quoting *Dowe v. Total Action Against Poverty in*

4

*Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998)). Plaintiff's evidence concerning her non-selection for the Labor Section position in 2022 does not reveal any connection to her grievance and EEOC charge related to her non-selection for the Public Safety Section position in 2020. Thus, while the denial of a promotion is an adverse employment action, plaintiff has proffered no argument or allegation from which it could be determined that there is a causal connection between plaintiff's 2020 non-selection and her 2022 non-selection.

In sum, plaintiff has failed to demonstrate that reconsideration pursuant to Rule 54(b) of the Court's order granting defendants' partial motion to dismiss is warranted. The Court will further not permit plaintiff an opportunity to amend her complaint.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for reconsideration [DE 66] is DENIED.

SO ORDERED, this 10 day of January 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE