IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-371-BO

| | |
|---|---|
| SONYA CALLOWAY-DURHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| N.C. DEPARTMENT OF JUSTICE, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the North Carolina Department of Justice's ("NCDOJ") motion for protective order, [DE-68], and Plaintiff's motion to compel, [DE-74]. For the reasons that follow, the motion for protective order and the motion to compel are allowed in part and denied in part.

## I.  Background

Plaintiff, a dark-skinned African American/Black female, filed this employment discrimination action after she was denied a promotion to head of the Public Safety Section within the NCDOJ, alleging claims under 42 U.S.C. §§ 1981, 1983, 1985(3), and Title VII of the Civil Rights Act of 1964 for race, color, and sex-based discrimination, a hostile work environment, and retaliation. Am. Compl. [DE-40]. The court subsequently dismissed all claims except the § 1983 discrimination claim against Defendants Dismukes and Elder and the Title VII discrimination claim against the NCDOJ, [DE-50], and the court denied Plaintiff's motion to reconsider the dismissal, [DE-86].

The NCDOJ filed the instant motion for protective order regarding Plaintiff's Amended Second Notice of 30(b)(6) Deposition of N.C. Dept. of Justice. [DE-68]. Plaintiff's initial notice

sought to inquire on 26 topics and, after meet-and-confer efforts on NCDOJ's objections, Plaintiff filed the Amended Second Notice seeking testimony on 27 topics and accepting none of the NCDOJ's proposed changes. *Id.* at 4; Am. 2d Notice [DE-68-3]. The NCDOJ designated witnesses to testify on Topics 14, 19, 21, 24, 25, and 27; proposed modifications to Topics 1–10, 13, 15, 16, and 22; and objected to Topics 11, 12, 17, 18, 23, and 26 in their entirety. [DE-68] at 5. Plaintiff refused to modify or withdraw any topics, and the NCDOJ filed the instant motion. *Id.* In response to the NCDOJ's motion, Plaintiff filed a motion to compel, [DE-74], with a memorandum that purports to both support her motion to compel and oppose the NCDOJ's motion for a protective order, [DE-75].[1]

## II. Discussion

Rule 26 provides the general rule regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Prasad v. Nallapati*, 597 F. Supp.3d 842, 846 (E.D.N.C. 2022); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that

---

[1] In future discovery related filings, counsel should specify the discovery requests to which her arguments pertain. The failure to do so is particularly problematic here where counsel filed a combined response and motion, making it difficult to discern whether the arguments apply to the NCDOJ's objections to the deposition topics, to Plaintiff's motion to compel regarding written discovery, or to both. *See e.g.*, Local Civil Rule 7.1(c)(2).

2

reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'")
(quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Under the Federal Rules, "[a] party or any person from whom discovery is sought may move for a protective order," and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Where a protective order is sought, the moving party bears the burden of establishing good cause. This burden requires more than stereotyped and conclusory statements, but rather the movant must present a particular and specific demonstration of fact as to why a protective order should issue." *Taekman v. Unum Life Ins. Co. of Am.*, No. 1:22-CV-605, 2023 WL 4763724, at *4 (M.D.N.C. July 26, 2023) (citation omitted). Moreover, "[a]bsent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition. Not only are protective orders prohibiting depositions rarely granted, but [a movant] has a heavy burden of demonstrating the good cause for such an order." *Id.* (citing *Champion Pro Consulting Grp., Inc. v. Impact Sports Football, LLC*, No. 1:12-cv-27, 2014 WL 2559285, at *2 (M.D.N.C. June 6, 2014)).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

3

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Prasad*, 597 F. Supp.3d at 846 (quoting *Mainstreet Collection*, 270 F.R.D. at 240).

The NCDOJ contends that Plaintiff seeks testimony on dismissed or non-existent claims, fails to tailor the temporal scope to the relevant time period of Plaintiff's non-promotion in June 2020, and seeks testimony on policies, procedures, and trainings not in effect during the challenged promotion decision and grievance process. Def.'s Mot. [DE-68] at 5–11. Plaintiff contends that if her motion for consideration were granted, she would need discovery on the previously dismissed claims; that she is entitled to discovery on the qualifications of individuals hired, promoted, and reclassified between December 2017 and June 12, 2020, and information about the selection process used for certain individuals; and that Defendants' document production was deficient. Pl.'s Mem. [DE-75] at 2–11.

### A. NCDOJ's Rule 30(b)(6) Deposition

#### 1. Dismissed Claims - Topics 2, 3, 10, 18, and 23

NCDOJ contends that Topics 2, 3, 10, 18, and 23 seek information that may have been relevant to Plaintiff's dismissed retaliation and hostile work environment claims but is not relevant to her failure to promote claim. Def.'s Mem. [DE-69] at 5–6. Specifically, NCDOJ argues that Topics 2, 3, and 10 seek, in part, testimony about retaliation and harassment policies, Topic 18 seeks information Plaintiff claims is related to her hostile work environment claim, and Topic 23

4

seeks testimony about issues alleged in support of her retaliation claim. *Id.* Plaintiff only responded to the NCDOJ's objection to Topic 18. Pl.'s Mem. [DE-75] at 8. The court has reviewed Topics 2, 3, 10, and 23 and finds that the objected-to information sought is outside the scope of discovery. Accordingly, there is good cause to allow the motion for protective order as to Topics 2, 3, 10, and 23. The court adopts the NCDOJ's proposed modifications for Topics 2, 3, and 10 and strikes Topic 23.

Topic 18 seeks testimony on, "[t]he facts related to the knowledge of Defendants and Cassell with regard to the medical emergency referred to in your Answer (DE52, ¶¶ 32-35, 53)." [DE-68-3] at 7. In the amended complaint, Plaintiff alleged that on January 31, 2018, an NCDOJ attorney had a heart attack at work, she came to Plaintiff for help during her heart attack, Plaintiff pleaded with her to call 911 but she insisted on going to the doctor after work, and Plaintiff ultimately convinced her to contact her husband, who transported her to the hospital. Am. Compl. [DE-40] ¶¶ 32–33. Plaintiff also alleged that the following day her supervisor, Elder, chastised her about not calling 911, which upset Plaintiff to the point that she had to leave work, and Elder also told employees the following day in an office wide meeting that "[i]f someone comes to anyone of you while having a heart attack, you are COMMANDED to call 911." *Id.* ¶¶ 36–38. Plaintiff was upset by the content of the meeting and had to take the rest of the day off. *Id.* ¶ 39. Plaintiff finally alleged that while she was chastised for assisting a co-worker during a medical emergency, another employee, who was younger and white, was subsequently praised in a department wide newsletter for helping a fellow DOJ colleague in an emergency. *Id.* ¶ 41.

The NCDOJ argues that the allegations regarding the 2018 emergency incident are relevant only to her dismissed hostile work environment claim and are too remote from the non-promotion decision, which occurred more than two years later, to support a nexus for causation on the

5

discrimination claim. Def.'s Mem. [DE-69] at 10 & n.6. Plaintiff argues that the information sought is relevant to whether the reasons for her non-selection were pretextual where she was treated differently by Defendants before the promotion decision. Pl.'s Mem. [DE-75] at 8.

The NCDOJ points to correspondence from Plaintiff's counsel to defense counsel stating that "this topic is relevant to the intentionally discriminatory hostile work environment to which Plaintiff was subjected prior to her non-selection," [DE-68-12] at 9, but NCDOJ omits the rest of the sentence where Plaintiff also argues that it is "one of the reasons she believed she was being discriminated against based on her sex, color, and race which she was denied promotion," *id.* Nevertheless, the court finds that this topic seeks information outside the scope of discovery because the event at issue is too remote to arguably demonstrate pretext or causation for purposes of the non-promotion discrimination claim. *See Ivanova-Nikolova v. E.C. Univ.*, No. 4:08-CV-209-BR, 2011 WL 2462468, at *14 (E.D.N.C. June 17, 2011) (finding comments made at least one year prior to the relevant decision denying tenure were insufficient to demonstrate defendant's reason was pretextual) (citing *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511–12 (4th Cir.1994) (finding that a discriminatory statement which was made over two years before the challenged employment action was too remote to be used as evidence of discrimination); *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1026 (6th Cir.1993) (finding that because discriminatory statements were made approximately a year before the challenged employment action, they were too remote "to have influenced the termination decision"); *Weathers v. Univ. of N.C. at Chapel Hill*, No. 1:08-CV-847, 2010 WL 4791809, at *20 (M.D.N.C. Nov. 18, 2010) (statements made at least one year before decision to deny tenure could not be used to establish pretext), *aff'd*, 447 F. App'x 508 (4th Cir. 2011)). Accordingly, the court finds good cause to allow the protective order as to Topic 18, and it is stricken.

6

### 2. Unasserted Claims - Topics 15 and 26

NCDOJ contends that Topics 15 and 26 seek discovery about a second promotion denial for a different position as head of NCDOJ's Labor Section in 2022, which Plaintiff failed to grieve or assert claims based on in this case. Def.'s Mem. [DE-69] at 10–11. Topic 15 seeks information regarding former defendant Josh Stein's awareness of the hiring decision at issue in this litigation, as well as other personnel decisions made by NDCOJ. [DE-68-3] at 6. Topic 26 seeks information solely related to the selection of the Labor Section head. *Id.* at 8–9. Plaintiff argues that if her motion for reconsideration were allowed, she would need discovery on the decision to deny her the Labor Section head position, which denial she claims was retaliatory. Pl.'s Mem. [DE-75] at 2–3. Plaintiff's motion for reconsideration was denied and her retaliation claim was dismissed. Accordingly, Topics 15 and 26 are outside the scope of discovery where they seek information related to the Labor Section head decision, and there is good cause to allow the protective order as to these topics. The court adopts the NCDOJ's proposed modification for Topic 15, and Topic 26 is stricken.

### 3. Overly Broad - Topics 4, 7, 11, and 15–17

NCDOJ contends that Topics 4, 7, 11, and 15–17 are overly broad in that they seek testimony about all NCDOJ personnel changes over six years (Topics 7, 15, and 17), every grievance proceeding over six years (Topics 4 and 16), and all complaints of sex or race discrimination (Topic 11). Def.'s Mem. [DE-69] at 11. Specifically, NCDOJ argues that these topics should be limited to the temporal scope of Plaintiff's non-promotion (May to October 2020) and confined to her employment unit, and that the NCDOJ has responded in verified interrogatory responses that Plaintiff's grievance and lawsuit are the only proceedings or formal complaints where an NCDOJ attorney has alleged race, color, or sex discrimination since January 1, 2017. *Id.*

7

at 12–13. Plaintiff counters that she needs this information about all NCDOJ personnel decisions between December 2017 and September 2022[2] (when she was denied the Labor Section head position), to identify comparator evidence and to determine whether the reasons for the hiring decision in her case were legitimate or pretextual, and that the information is easily produced ESI. Pl.'s Mem. [DE-75] at 4–10, 15–17.

Courts have found that discovery requests in employment discrimination cases "seeking information about all discrimination actions filed against an entire agency sweeps too broadly." *Childers v. Slater*, No. CIV.A.97-853RMU/JMF, 1998 WL 429849, at *4 (D.D.C. May 15, 1998). Where a discovery request "involves cases which have nothing to do [with a] plaintiff's division or branch or the supervisors she accuses of discriminatory conduct" they are irrelevant to the plaintiff's action. *Id.* The court has previously found that discovery in an employment action "is limited to the employing unit unless the plaintiff provides a valid need to extend beyond that unit." *McDougal-Wilson v. Goodyear Tire & Rubber Co.*, 232 F.R.D. 246, 253 (E.D.N.C. 2005) (citing *Rodger v. Electronic Data Sys., Corp.*, 155 F.R.D. 537, 540 (E.D.N.C.1994) (rejecting plaintiff's request for company-wide discovery)). Furthermore, a search for comparators cannot justify overly broad discovery. *See Parker v. Ciena Corp.*, No. CV GLR-14-4036, 2017 WL 2364291, at *2 (D. Md. May 30, 2017) (finding "any information reaching to Directors outside of Plaintiff's unit would not be relevant," would impose an undue burden and expense on Defendants, and would be disproportional to the needs of the case), *aff'd,* 787 F. App'x 817 (4th Cir. 2019).

Based on these principles, the court finds that Plaintiff's request for information related to grievances and personnel decisions across the entire NCDOJ is outside the scope of discovery, and a limitation to such information for employees within the Public Safety section where Plaintiff

---

[2] The Topics did not contain this outer time limit included in the Plaintiff's brief.

worked and was denied the promotion at issue is an appropriate limitation. The court also finds a temporal limitation from January 1, 2017 to October 2020 is appropriate. *See Williams v. AT&T Servs., Inc.*, No. 3:21CV617, 2022 WL 1814630, at *2 (W.D.N.C. June 2, 2022) (finding courts have readily and regularly granted temporal scopes years before the alleged conduct at issue) (citing *Johnson v. Mechanics Farmers Bank*, Civil No. 3:05-CV-258-W, 2006 WL 3207320, at *4 (W.D.N.C. Nov. 3, 2006) (in employment discrimination case, discussing temporal scope and finding as "reasonable" a five year window for employment records [including comparator records] beginning over four years before the first alleged discriminatory event); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 40–41 (D. Md. 2000) (in employment discrimination case, ordering production of documents of similar incidents occurring within five year period preceding plaintiff's termination)). Accordingly, the court finds good cause for a protective order as to Topics 4, 7, 11, and 15–17, and they are limited to the time period of January 1, 2017 to October 2020, and to the Public Safety Section employment unit.

### 4. Overly Broad – Topics 2–6 and 8–10

NCDOJ contends that Topics 2–6 and 8–10 are overly broad in that they seek information regarding NCDOJ's policies, procedures, and training dating back to January 2017, and that these topics should be limited to those applying to the challenged promotion decision. Def.'s Mem. [DE-69] at 13–14. Plaintiff did not respond to this argument, Pl.'s Mem. [DE-75], but in any event the court agrees that only the policies, procedures, and training in effect from May to October 2020 (the time-period relevant to Plaintiff's non-promotion) are within the scope of discovery. Accordingly, the court finds good cause for a protective order as to Topics 2–6 and 8–10, and they are limited to the time period of May to October 2020.

9

Case 5:21-cv-00371-BO    Document 87    Filed 02/20/24    Page 9 of 15

### 5. Irrelevant – Topics 1, 12, 13, and 22

NCDOJ contends that these topics seek irrelevant information, to wit: Topic 1 seeks information about the educational background of the Human Resources department employees dating back to 2017; Topic 12 seeks information about NCDOJ's payroll, personnel, and human resource systems since 2017; Topic 13 seeks information regarding NDOJ's record keeping and retention policies with no temporal limitation; and Topic 22 seeks information about facts related to an employee who transferred from the Public Safety section to the Department of Transportation in February 2020. Def.'s Mem. [DE-69] at 14–15. Plaintiff did not respond to this argument, Pl.'s Mem. [DE-75], and the court for the most part agrees that these topics are irrelevant. It is unclear how the educational background of Human Resources employees, information about the NCDOJ's payroll, personnel, and human resource systems, or information about another employee's transfer are relevant to Plaintiff's claim of employment discrimination. However, as for Topic 13, seeking information regarding NDOJ's record keeping and retention policies, the court will allow testimony on that topic with a temporal limitation to the relevant policies in effect from May to October 2020, the time-period relevant to Plaintiff's non-promotion. Accordingly, the court finds good cause for a protective order preventing this testimony as to Topics 1, 12, and 22, and limiting the temporal scope of Topic 13 to May to October 2020.

The request for attorney's fees and expenses is denied where circumstances make an award of expenses unjust. Fed. R. Civ. P. 26(c)(3), 37(a)(5).

### B. Plaintiff's Motion to Compel

Plaintiff moves the court to compel Defendants to respond fully to Plaintiff's discovery requests. Pl.'s Mot. [DE-74]. Plaintiff does not list in her brief the specific discovery requests in dispute. *See* Local Civil Rule 7.1(c)(2). Plaintiff filed 152 pages of discovery responses, Ex. 8

10

[DE-74-9],[3] and the court will not comb through them in an attempt to correlate Plaintiff's arguments to the relevant response. Accordingly, the court address the general topics discussed in Plaintiff's brief.

### 1. Plaintiff's Rule 54(b) Motion for Reconsideration

Plaintiff argues that if her Rule 54(b) motion were to be allowed, she would need discovery on the involvement of the Attorney General in the decisions to deny her the Public Safety head and Labor Section head positions. Pl.'s Mem. [DE-75] at 2–3. Plaintiff's motion for reconsideration was denied, [DE-86]; thus, she is not entitled to this discovery.

### 2. Other Hirings and Promotions

Plaintiff contends that Defendants refused to provide information and documents regarding individuals hired, promoted, and reclassified between December 2017 and September 2022, the date on which Plaintiff was denied the Labor Section head position. Pl.'s Mem. [DE-75] at 3–4. She argues that this information is relevant to her claim that "the successful applicant was viewed as more qualified than Plaintiff because he attended prestigious schools and worked at prestigious law firms and that her experience with the Attorney General's office was discounted because she lacked such qualifications as a Black female applicant who attended a historically black law school." *Id.* Defendants argue that Plaintiff's requests were not limited to outer time limit of 2020, and her request for department-wide discovery to potentially identify comparator evidence is unsupported by legal authority and would require hundreds of hours of work. Defs.' Resp. [DE-84] at 8–11. As explained above, Plaintiff's requests related to personnel decisions regarding other employees are appropriately limited to employees within the Public Safety section and a temporal limitation from January 1, 2017 to October 2020. Accordingly, Defendants shall supplement their

---

[3] Plaintiff's exhibits to her motion do not have exhibit numbers on the face of the documents, and the docket text for each exhibit is not clear, e.g., "Exhibit 9-Exh 8," in violation of CM/ECF Policy Manual § V.E.1.

11

relevant responses as necessary to include any responsive information or documents not already provided.

### 3. Selection Process for Other Positions

Defendants produced in discovery a chart containing information about hiring, promotion, and reclassification decisions within the NCDOJ. Ex. 7 [DE-74-8]. Plaintiff seeks additional information, specifically the composition of interview panels and the reasons for the hiring decisions, which she claims are relevant to identifying relevant comparator evidence. Pl.'s Mem. [DE-75] at 7–10. Plaintiff also seeks information regarding the exact nature of Shannon Cassell's involvement at the grievance hearing. *Id.* at 7–8. Plaintiff states that Cassell testified at the grievance hearing negatively about Plaintiff's work performance, and the nature of Cassell's involvement is relevant under a "cat's paw theory"[4] but Defendants have failed to provide any information about her on the grounds that she is not a defendant. *Id.* at 8. Finally, Plaintiff seeks information about the incident where Plaintiff attempted to assist a co-worker in having a medical emergency.

Beginning with the medical emergency request, as discussed above in connection with deposition Topic 18, this information is outside the scope of discovery because it is relevant only to Plaintiff's dismissed hostile work environment claim and is too remote to arguably demonstrate pretext or causation for purposes of the non-promotion discrimination claim. *See supra* § II.A.1. Accordingly, Plaintiff is not entitled to this discovery.

With respect to the information sought regarding hiring, promotion, and reclassification decisions, as explained above, this information sought for purposes of evaluating comparator

---

[4] The footnote attached to "cat's paw theory" in Plaintiff's brief contains only a "*See, e.g.,*" signal with nothing cited.

12

evidence is appropriately limited to employees within the Public Safety section and a temporal limitation from January 1, 2017 to October 2020. Accordingly, Defendants shall supplement their relevant responses as necessary to include any responsive information or documents not already produced.

Finally, as to the discovery sought regarding Cassell, she was initially sued as a Defendant in this action, but the court dismissed Cassell, because Plaintiff failed to allege she "was a hiring decision maker or that she supervised those who were making the ultimate hiring decision," and therefore, failed to show a connection between Cassell's personal conduct and the hiring decision. [DE-50] at 5. Defendants' discovery responses indicate Cassell did not participate in the promotion decision that is the subject of Plaintiff's claims. *See, e.g.*, [DE-74-9] at 35–36, 39. Thus, Defendants have disclosed the nature of Cassell's involvement, and further information would be outside the scope of discovery. Accordingly, Plaintiff is not entitled to this discovery.

### 4. Boilerplate Objections

Plaintiff contends that Defendants asserted impermissible boilerplate objections that were evasive and incomplete. Pl.'s Mem. [DE-75] at 12–14. Defendants counter that Plaintiff mischaracterizes Defendants' responses, which include permissible objections but also articulate the specific grounds underlying those objections. Defs.' Mem. [DE-84] at 13.

While relying solely on boilerplate objections is improper, *Patten v. Hall*, No. 5:15-CT-3118-FL, 2017 WL 6062258, at *2 (E.D.N.C. Dec. 7, 2017) (citing *Mainstreet Collection*, 270 F.R.D. at 240), here Defendants provided specific objections in addition to the so-called boilerplate objections and, without waiving objections, provided substantive responses. *See, e.g.*, [DE-74-9] at 108–114. *See Smithfield Bus. Park, LLC v. SLR Int'l Corp.*, No. 5:12-CV-00282-F, 2013 WL 5705601, at *2 (E.D.N.C. Oct. 18, 2013) (citing *Hager v. Graham*, No. 5:05-CV-129, 2010 WL

13

1734881, at *5 (N.D.W.Va. Apr. 28, 2010) ("Though a general objection on vagueness, ambiguity, broadness, and excessive burden without more does not comply with the requirements of Rule 34, specific grounds in addition to the boilerplate is permissible.")). Accordingly, Defendants' use of boilerplate objections was harmless in light of the additional specific objections.

### 5. Defendants' Document Production

Plaintiff takes issue with Defendants' document production. She complains that the files are not produced in a useable format, were not produced as they were kept in the usual course of business, and were not labelled as responsive to any particular interrogatory or request. Pl.'s Mem. [DE-75] at 10–11, 14–15.[5] Defendant contends that the document production complied with the format stipulated to by the parties in their Rule 26(f) report; Plaintiff's counsel inquired about the format in May 2023, defense counsel explained that data files were used, and Plaintiff said nothing further about it before filing her motion; and Plaintiff never raised the lack of organization or labelling before filing her motion. Defs.' Resp. [DE-84] at 12–13.

Local Civ. R. 7.1(c)(2) requires counsel to confer in a good faith to attempt to resolve a discovery dispute prior to filing any discovery motion. As the court previously reminded counsel less than a week before Plaintiff's motion to compel was filed, [DE-72] at 1 n.1, the obligation is not satisfied by an exchange of written correspondence; rather, counsel should at a minimum conduct a telephone conference in an attempt to resolve the dispute prior to filing a motion. The good faith communication requirement is not merely technical but promotes the orderly resolution of discovery disputes. *Lloyd v. New Hanover Reg'l Med. Ctr.*, No. 7:06-CV-130-D, 2009 WL 674394, at *1 (E.D.N.C. Mar. 11, 2009). The court may summarily deny a discovery motion for

---

[5] Plaintiff also states that she manually filed, at Exhibit 10, the actual documents produced with the court, but the Clerk's Office has no record of the manual filing, and Plaintiff did not file the requisite motion for leave to file manually. CM/ECF Policy Manual § V.A.

14

failure to satisfy the meet and confer requirement. *See Bethea v. Ellis*, No. 5:16-CV-178-D, 2017 WL 2473170, at *3 (E.D.N.C. June 7, 2017).

The court in its discretion finds that good faith communications between counsel on this issue are likely to render efficiencies to the parties and the court by eliminating the issues in dispute. *See* Fed. R. Civ. P. 1 (providing the Rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Accordingly, the court denies relief on this issue for failure to meet and confer in conformity with the Local Rules. Should counsel fail to resolve the issue, Plaintiff may renew her request for relief.

### III.  Conclusion

For the reasons stated herein, the motion for protective order and the motion to compel are allowed in part and denied in part. The parties shall have until **March 19, 2024** to conclude the supplemental discovery as ordered herein, and dispositive motions shall be filed no later than **April 19, 2024**. The parties shall work cooperatively to conclude discovery and should not expect an extension of these deadlines.

SO ORDERED, the **20** day of February, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge