IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-371-BO

| | |
|---|---|
| SONYA CALLOWAY-DURHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NC DEPARTMENT OF JUSTICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on Defendants' motions to seal. [DE-73, -82]. Plaintiff responded in opposition to the first motion to seal and did not respond to the second motion to seal, [DE-77], and Defendants filed a reply in support of their first motion, [DE-81]. For the reasons that follow, the motions are allowed.

I. **Rules for Filing Sealed Materials**

Before filing any information that has been designated confidential, or any pleadings, motions or other papers that disclose any such information, filing counsel must confer with counsel for the party that produced the information so designated about how it should be filed. Proposed sealed documents must be filed in accordance with Local Civ. R. 79.2 and Section V.G.1 of the Electronic Case Filing Administrative Policies and Procedures Manual, and the documents remain under seal pending the court's ruling on the motion to seal. The filing of the materials under seal is not binding on the court.

In the event a filing party seeks to file materials that have been designated confidential by another party or individual, the filing party provisionally files the materials under seal in accordance with Local Civil Rule 79.2 and Section G. The filing party is required to file a notice

of filing pursuant to Section G, in lieu of filing a motion to seal, and the filing party need not file a motion to seal or otherwise defend another party's or individual's request that the materials remain sealed. CM/ECF Policy Manual § V.G.1(e). Within seven (7) days after service of such notice, the party or individual desiring that the materials be maintained under seal must file a motion to seal and supporting memorandum in accordance with Section G. *Id.* Documents submitted under seal remain under seal pending the court's ruling on the motion to seal. *Id.* If the party desiring that the information be maintained under seal does not timely file a motion to seal, then the materials are unsealed, without further order of the court. *Id.*

A motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local, or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies: (i) the exact document or item, or portions thereof, for which filing under seal is requested; (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) the reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the motion. *Id.* § V.G.1(a); *see also Stone v. Univ. of Md.*, 855 F.2d 178 (4th Cir. 1988). In addition to the motion and supporting memorandum, the filing party must set out such findings in a proposed order to seal. CM/ECF Policy Manual § V.G.1(a).

Counsel should familiarize themselves with these rules and endeavor to follow them in the future.

## II. Discussion

Defendants ask the court to seal confidential personnel information found in Docket Entries 66-1, 74-2, 74-4, 74-5, 74-6, 74-7, and 74-8. Plaintiff offered to redact some of the information, and Defendants proposed redacting additional information and provided a proposed redacted document for 66-1, 74-2, 74-5, and 74-8. Defendants ask the court to unseal Docket Entry 74-3.

To determine whether records should be sealed, the court must follow the procedure established in *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984). The court must first provide "public notice of the request to seal and allow the interested parties a reasonable opportunity to object." *Id.* at 235–36. Notice is sufficient where a motion is docketed reasonably in advance of its disposition. *Id.* at 235. Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235–36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

The motions to seal were filed in August 2023 on the public docket, and the public has had a reasonable opportunity to object. Having reviewed the relevant documents, the court finds that the less drastic alternative of redaction is appropriate for Docket Entries 66-1, 74-2, 74-5, and 74-8, and Defendants have filed publicly available redacted versions at Docket Entries 81-2, 82-3, 82-4, and 82-5. The court further finds that Docket Entries 74-4, 74-6, and 74-7 contain confidential personnel information that merit sealing these documents in their entirety and that no less drastic alternative is available to protect this sensitive material. This information is statutorily protected under North Carolina law, N.C. Gen. Stat. § 126-22, *et seq.*, and the public's right to access is outweighed by Defendants' interest in protecting personnel information. Accordingly, Docket

Entries 66-1, 74-2, 74-4, 74-5, 74-6, 74-7, and 74-8 shall be sealed, and Docket Entry 74-3 shall be unsealed.

### III. Conclusion

For the reasons stated herein, the motions to seal are allowed.

So ordered, this the 20 day of February, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge