IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-371-BO

| | |
|---|---|
| SONYA CALLOWAY-DURHAM, )<br>*Plaintiff,* )<br> )<br>v. )<br> )<br>N.C. DEPARTMENT OF JUSTICE, *et al.* )<br>*Defendants.* ) | O R D E R |

This cause comes before the Court on plaintiff's motion to review the order of United States Magistrate Judge Robert B. Jones, Jr. pursuant to Rule 72 of the Federal Rules of Civil Procedure. Defendants have responded in opposition and the motion is ripe for ruling.

## DISCUSSION

The Court presumes familiarity with the factual and procedural background of this matter. On August 10, 2023, Magistrate Judge Jones entered an order denying plaintiff's motion seeking a general extension of the August 15, 2023, discovery deadline, but leaving open whether to permit additional discovery after deciding other, then-unresolved motions. *See* [DE 72]. Plaintiff filed the instant motion seeking review of that order by the undersigned pursuant to Fed. R. Civ. P. 72.

Federal Rule of Civil Procedure 72(a) provides that, where a non-dispositive pretrial matter is referred to a magistrate judge, a party may file objections to the magistrate judge's order within fourteen days after being served with a copy of the order. Fed. R. Civ. P. 72(a); *see also* Local Civil Rule 72.4(a). The district judge to whom the case is assigned shall "consider timely objections and modify or set aside any portion of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the magistrate judge's decision

must be affirmed unless the district court's review results in the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Plaintiff has fallen well-short of demonstrating that a mistake has been committed. A scheduling order can be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The "touchstone of Rule 16 is diligence." *Boykin v. United States*, No. 5:21-CV-00103-KDB-DCK, 2023 U.S. Dist. LEXIS 120184, at *4 (W.D.N.C. Feb. 13, 2023); *see also Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012).

In her motion to amend the scheduling order, plaintiff sought a blanket extension of discovery deadlines for forty-five days until after the Court ruled on pending motions which would impact the scope of the pleadings and discovery. In support of the motion, plaintiff cited the volume of discovery as well as the need to conduct discovery should the Court allow her Rule 54(b) motion and to conduct discovery related to defendants' motion for protective order and a then-unfiled motion to compel by plaintiff. Magistrate Judge Jones determined that a blanket extension of the discovery deadline was not supported, but instead struck a balance which left open the opportunity for additional discovery should it be determined to be warranted by decisions on the pending motions.

Plaintiff argues in the instant motion that the magistrate judge did not determine whether there was good cause for amending the scheduling order. To the contrary, Magistrate Judge Jones found that a nine-month discovery period was generally sufficient and further that extensions of specific discovery-related deadlines would be considered. "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Patrick v. PHH Mortg.*

2

*Corp.*, 298 F.R.D. 333, 336 (N.D.W. Va. 2014) (quoting *Shoop v. Hott*, 2010 U.S. Dist. LEXIS 128740, 2010 WL 5067567, *2 (N.D.W. Va. Dec. 6, 2010)).

The Court finds no abuse of discretion in the decision of the magistrate judge and plaintiff has failed to demonstrate that his decision was clearly erroneous or contrary to law. Plaintiff's motion to review order under Fed. R. Civ. P. 72 [DE 79] is DENIED and the decision of Magistrate Judge Jones [DE 72] is AFFIRMED.

SO ORDERED, this 21 day of February 2024.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE