UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-CV-00371-BO

| | |
|---|---|
| SONYA CALLOWAY-DURHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| N.C. DEPARTMENT OF JUSTICE, | ) |
| JOSHUA H. STEIN, in his individual | ) |
| and official capacity as Attorney | ) |
| General, LESLIE COOLEY | ) |
| DISMUKES, in her individual and | ) |
| official capacity as Criminal Bureau | ) |
| Chief, SHANNON CASSELL, in her | ) |
| individual and official capacity as | ) |
| former Civil Bureau Chief, and ALANA | ) |
| DANIELLE MARQUIS ELDER, in her | ) |
| individual and official capacity as | ) |
| Senior Deputy Attorney General, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE IN DE87**

Pursuant to Local Civil Rules 6.1 and 7.1(f), defendants North Carolina Department of Justice ("NCDOJ"), Leslie Cooley Dismukes, and Danielle Marquis Elder submit this opposition to Plaintiff's Motion to Extend Discovery Deadline in DE87 ("Motion to Extend"). (DE 92)

Plaintiff's motion is directed to the deadline established in the Order that Magistrate Judge Jones entered on 20 February 2024 (the "Order"). (DE 87 at 15) Defendants fully complied with the Court's Order in the time permitted. Plaintiff has

not claimed otherwise. Instead, without first conferring with Defendants, Plaintiff filed her Motion to Extend after 11:00 p.m. on 19 March 2024 seeking 60 more days to conduct undefined "additional discovery." (DE 92 ¶ 18) As discussed below, Plaintiff has not shown good cause to extend the deadline. The Court should deny Plaintiff's Motion and not permit any additional discovery.

## Pertinent Background Facts

1. Plaintiff already has moved to extend every discovery deadline imposed by the Court's Discovery Plan Order. (DE 55) Plaintiff moved to extend the deadline for initial disclosures. (DE 56) On 4 April 2023, Plaintiff moved to extend the deadlines for disclosure of expert witnesses and reports, and for the completion of all fact discovery. (DE 57) Once granted, Plaintiff then moved again to extend the already-extended expert disclosure deadline by another 29 days. (DE 64) That motion was granted, and just before the close of the extended discovery period, Plaintiff again sought to extend the fact discovery deadline. (DE 70) The Court denied that motion on 10 August 2023, but noted in its order that it would address the time for completing any additional discovery allowed by its order resolving then-pending discovery motions. (DE 72 at 1)

2. On 20 February 2024, Magistrate Judge Jones entered an Order that resolved the parties' discovery motions (the "Order"). (DE 87) The Order allowed in part and denied in part NCDOJ's Motion for Protective Order concerning Rule 30(b)(6) deposition topics (DE 68) and Plaintiff's Motion to Compel (DE 74). The Order struck certain deposition topics, limited other deposition topics, and compelled

NCDOJ to produce responsive documents and information about employment actions that occurred in NCDOJ's Public Safety Section from 1 January 2017 to October 2020. The Court set a deadline of 19 March 2024 to complete the specified supplemental discovery and a deadline of 19 April 2024 to file dispositive motions. (DE 87 at 15). The Order stated that the parties "should not expect an extension" of the deadlines. (*Id.*)

3. The supplemental discovery ordered consisted of two parts: (1) permitted Rule 30(b)(6) deposition topics, (DE 87 at 4-10) and (2) production of responsive documents and information about personnel actions listed in DE 74-08[1] (the "Personnel Action Chart") within the Public Safety Section from 1 January 2017 to October 2020. (DE 87 at 11-12)

4. Defendants undertook prompt efforts to comply with the Order. The exhibits to Plaintiff's Motion to Extend show Defendants' diligent and repeated efforts to schedule the Rule 30(b)(6) deposition for all permitted topics. Plaintiff's exhibits also show that Defendants met the deadline to supplement their written discovery responses. Additionally, Plaintiff's exhibits show Defendants' voluntary efforts to reproduce their document production in a different format to satisfy Plaintiff's counsel's preference, and to list the documents produced in response to each document request. Specifically:

---

[1] This is a compilation of tables identifying attorney hirings, promotions, and reclassifications within NCDOJ from 1 January 2017 to April 2023 (NCDOJ002048-76). Plaintiff filed the Personnel Action Chart as Exhibit 7 to her Motion to Compel. (DE 74-08)

a. On 27 February 2024, Defendants' counsel sent Plaintiff's counsel a specification of the modified Rule 30(b)(6) deposition topics permitted by the Order and identified NCDOJ's designated witnesses for each topic (six witnesses in total). (DE 92-4 (Plaintiff Ex. 4); *see also* DE 93-1 (Graebe Decl.) ¶ 2; DE 93-2 (Ex. A to Graebe Decl.)) Defendants offered to produce all designated witnesses on March 7. (DE 92-4 at 1) Defendants' counsel also outlined their intended plan to reproduce all documents in a different format with a specification of the discovery requests to which all documents were responsive. (*Id.* at 2-3) Defendants' counsel asked Plaintiff's counsel to respond by March 4 with any objections to Defendants' proposed approach. (*Id.* at 3)

b. Plaintiff's counsel did not object to the proposed approach or respond to Defendants' offer to produce all designees for deposition on March 7. Instead, on 1 March 2024, Plaintiff's counsel responded that she planned to move to extend the time to file objections to the Order and to extend the discovery period for 30 days after a decision on the motion to reconsider. (DE 92-3 (Plaintiff Ex. 3.) at 11)

c. On March 1, Defendants' counsel informed that Defendants would not take any position on Plaintiff's motion to extend the deadline to file objections, and asked Plaintiff's counsel to state whether she planned to proceed with the Rule 30(b)(6) deposition. (*Id.*)

d. On March 4, Defendants' counsel noted that Plaintiff's counsel had not responded to the offer to proceed with the Rule 30(b)(6) deposition on

March 7. (*Id.* at 10) Defendants' counsel also proposed new dates for the deposition, March 13-14, and specified witnesses' availability for each day. (*Id.*) Plaintiff's counsel replied that she would respond on March 5. (*Id.* at 9-10) She did not respond.

      e.      On March 7, Defendants' counsel asked Plaintiff's counsel to state by March 8 whether she would proceed with the Rule 30(b)(6) deposition on March 13-14. (*Id.* at 9) Plaintiff's counsel then proposed March 18 for the Rule 30(b)(6) deposition. (*Id.* at 8-9)

      f.      Defendants' designated witnesses adjusted their schedules to allow the deposition to proceed on March 18. (*Id.* at 7-8) Defendants' counsel specified time constraints for two of the designees that day. (*Id.*) Defendants' counsel asked Plaintiff's counsel to respond to their inquiry about the withdrawal of certain deposition topics in exchange for production of documents. (*Id.*)

      g.      On March 12, after Plaintiff filed an Objection to the Order (DE 91), Defendants' counsel asked Plaintiff's counsel to confirm whether she would conduct the Rule 30(b)(6) deposition on March 18. (*Id.* at 7.) Plaintiff's counsel answered that she would proceed with depositions of two designees (Mr. Dearmin and Ms. Dismukes) and stated topics for each designee. (*Id.*) Defendants' counsel advised Plaintiff's counsel that deposition topics identified in her email were not stated in conformity with the Court's Order. (*Id.* at 5) Defendants' counsel also noted that Plaintiff's counsel had not answered

whether she would proceed on any other deposition topics. (*Id.*) Defendants' counsel also stated that the required supplemental document production would be ready by Friday, March 15. (*Id.*) Plaintiff did not object to this timing.

h. On 15 March 2024, Defendants' counsel served their supplemental document production in compliance with the Order. (DE 92-1 (Plaintiff Ex. 1); *see also* DE 93-1 ¶¶ 5, 8-9; DE 93-3) On 17 March 2024, Defendants' counsel produced an additional 46 pages that were unintentionally omitted from the 15 March 2024 production. (DE 92-2 (Plaintiff Ex. 2); *see also* DE 93-1 ¶ 7)

5. On 18 March 2024, Plaintiff's counsel convened the Rule 30(b)(6) deposition of NCDOJ. Plaintiff chose to question only two designees on four total topics. (DE 93-1 ¶¶ 4, 12)

6. On 19 March 2024, Defendants served supplemental interrogatory responses of NCDOJ in compliance with the Order. (*Id.* ¶ 13)

<u>Plaintiff Has Not Shown Good Cause to Extend the March 19 deadline.</u>

7. "When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). "To show good cause, the moving party must show that the deadlines cannot reasonably be met despite the diligence of the party needing an extension." *Remediation Prods. v. Adventus Ams., Inc.*, No. 3:07-CV-153-RJC-DCK, 2009 U.S. Dist. LEXIS 77558, *2 (W.D.N.C. Aug. 13, 2009) (cleaned up) (quotation omitted).

8. The Court set 19 March 2024 as the date by which Defendants were "to conclude the supplemental discovery" identified in the Order. (DE 87 at 15). Plaintiff has not shown good cause to extend that deadline. As described below, Defendants timely provided the discovery, Plaintiff has not identified any "additional discovery" to warrant a general extension of the discovery period, and Plaintiff did not comply with Local Civil Rule 6.1.

*Defendants fully and timely complied with the Court's Order.*

9. Defendants provided all supplemental discovery that the Court ordered within the time allotted. (DE 93-1 ¶ 14) To the extent that Plaintiff is seeking additional time for the specific supplemental discovery ordered, she has not shown good cause.

10. The burden of complying with the Order principally fell on Defendants. The Court permitted Plaintiff to proceed with certain Rule 30(b)(6) deposition topics as modified (DE 87 at 4-10), and Plaintiff was not required to undertake any action other than to "work cooperatively to conclude discovery." (*Id.* at 15)

11. Defendants provided Plaintiff the opportunity to take the deposition permitted by the Order. Plaintiff has not shown an inability to take the permitted deposition or that she acted with reasonable diligence.

12. As described above, NCDOJ promptly disclosed its designees for the modified depositions topics permitted by the Court's Order. NCDOJ made that disclosure through a designation chart provided about three weeks before the deadline to complete supplemental discovery (DE 93-1 ¶ 2; DE 93-2) Defendants

invited Plaintiff to correct any misstated topics in the deposition chart, and Plaintiff did not do so at any time.

13. Defendants' designated witnesses prepared to testify on the modified topics while waiting for Plaintiff's counsel to identify a deposition date. However, Plaintiff did not respond to Defendants' multiple requests for information regarding her plans for the deposition. Nevertheless, to ensure that Defendants could comply with the Court's directive to complete the supplemental discovery by 19 March 2024, the designated witnesses devoted time and effort to prepare for deposition. Had Plaintiff communicated her plans in response to any of Defendants' inquiries, this burden could have been avoided.

14. Moreover, when Plaintiff took the Rule 30(b)(6) deposition, she did not ask any substantive questions of Ms. Dismukes, who appeared to testify on three topics: Topics 7, 11, and 17. (Ex. 2 (Tr. of 30(b)(6) Dep. of Leslie Dismukes at 1-26)) Any argument that Plaintiff did not have documents before the deposition and therefore could not ask any questions has no basis in fact. (DE 92 ¶¶ 17-18)

    a. First, Topics 7 and 17 concerned personnel changes in the NCDOJ Public Safety Section from 1 January 2017 through October 2020. Plaintiff has had information about personnel changes since April 2023. More than three months before the end of the fact discovery period, Defendant produced a Personnel Action Chart which listed all attorney hirings, promotions, and reclassifications in NCDOJ from 1 January 2017 to April 2023 (NCDOJ002048-76). (DE 74-08) Yet during the Rule 30(b)(6) deposition on 18

March 2024, Plaintiff's counsel did not ask a single question about any of the personnel actions listed in the Personnel Action Chart. (Ex. 2 at 1-26)

b. Second, NCDOJ's designated witness, Leslie Dismukes, spent about 20 hours preparing to answer questions on Topics 7 and 17. (*Id.* at 26-39 (describing deposition preparation efforts)) She was ready to answer all pertinent questions, but Plaintiff did not ask any.

c. Third, there were no additional, supplemental documents concerning Topic 11 (complaints of race discrimination or sex discrimination by any employee of the Public Safety Section). Plaintiff is the only person who has made any such complaint (*Id.* at 31-32), and Defendants produced responsive documents regarding that complaint long before the supplemental discovery period.

d. Fourth, Plaintiff did not express at any time *before* the deposition that she could not proceed before receipt of the supplemental document production. Defendants specifically stated before the deposition that they would make their supplemental production on 15 March 2024. Plaintiff did not ask for the documents to be produced before then or communicate any predicate needs for completing the deposition. Even when Plaintiff would not cooperate in specifying the deposition topics that she intended to pursue, Defendants still devoted effort and time to preparation so that they would be ready to comply with the Order if Plaintiff responded belatedly that she intended to proceed.

15. Thus, Plaintiff did not attempt to seek substantive information on Rule 30(b)(6) deposition topics, did not avail herself of the opportunity to proceed on others, and did not communicate any preference for the timing of Defendants' supplemental written discovery responses. Plaintiff should not be permitted to complain after NCDOJ undertook the burden to prepare and appear.

16. In short, Plaintiff has not shown that any required supplemental discovery was not provided, nor has Plaintiff demonstrated that insufficient time prevented her from obtaining any supplemental discovery allowed by the Court. If anything, the record reflects that Plaintiff did not diligently communicate or pursue discovery that she was permitted to take.

17. Accordingly, the Court should not give Plaintiff additional time for deposition topics that she declined to pursue during the allotted period. *See Wooton v. CL, LLC*, No. 2:09-CV-34-FL, 2010 U.S. Dist. LEXIS 138130, *13-16 (E.D.N.C. Dec. 28, 2010) ("These deadlines, along with several others set forth in the court's original scheduling order, have already been extended once . . . And despite this extension, it appears that plaintiff has failed to diligently use the additional time allotted to complete the necessary discovery.")

*No good cause exists for a general extension to conduct other discovery.*

18. Plaintiff's Motion to Extend requests 60 more days to conduct undefined "additional discovery." (DE 92 ¶ 18)

19. Plaintiff has not specified the discovery needed. The most Plaintiff offers is that "[t]he supplemental discovery responses . . . warrant additional

discovery." (DE 92 ¶ 18) Such an ill-defined request does not merit consideration. *See Channing v. Equifax, Inc.*, No. 5:11-CV-293-FL, 2012 U.S. Dist. LEXIS 78455, *7 (E.D.N.C. June 6, 2012) ("Plaintiff further appears to argue that an extension of the discovery period is necessary to allow for additional depositions . . . Yet plaintiff has not provided any specifics as to the depositions he now seeks to conduct . . . .")

20. Additionally, the Order did not contemplate that further discovery would be permitted beyond the supplemental discovery ordered. Instead, the Order specified that dispositive motions would follow the supplemental discovery. (DE 87 at 15)

21. Moreover, the Court previously declined to extend the discovery period for general purposes. (DE 72 at 1 ("the court agrees that a general extension of the August, 15, 2023 discovery deadline for any purpose is not warranted given that the parties have had nine months to complete discovery")) Plaintiff has provided no basis to revisit that ruling.

22. Further, to the extent that any change to the Order results from Plaintiff's Objection to the Order (DE 91), the Court may address any needed modifications at that time.

*Plaintiff did not comply with Local Civil Rule 6.1(a)*

23. Local Civil Rule 6.1(a) requires that each motion for extension of time show good cause, reflect a good faith effort to confer with opposing counsel, and include a separate proposed order granting the motion.

24. Plaintiff did not consult with Defendants before filing her Motion to Extend. Plaintiff did not raise any of the arguments in her Motion to Extend with Defendants at any time before filing her motion. (DE 93-3 (email chain about supplemental discovery))

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion to Extend Discovery.

This the 2nd day of April, 2024.

MORNINGSTAR LAW GROUP

/s/ *Shannon R. Joseph*
Shannon R. Joseph
N.C. State Bar No. 22144
sjoseph@morningstarlawgroup.com
Kenzie M. Rakes
N.C. State Bar No. 46349
krakes@morningstarlawgroup.com
J. William Graebe
N.C. State Bar No. 53480
wgraebe@morningstarlawgroup.com
421 Fayetteville St., Suite 530
Raleigh, NC 27601
Telephone: (919) 590-0370
Facsimile: (919) 882-8890

Jeffrey L. Roether
N.C. State Bar No. 48229
jroether@morningstarlawgroup.com
700 W. Main St.
Durham, NC 27701
Telephone: (919) 590-0368

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE AND WORD COUNT**

The undersigned hereby certifies that she has this day served a copy of the foregoing Response to Plaintiff's Motion to Extend Discovery deadline with the clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record. The undersigned further certifies that this memorandum is in 12-point Century Schoolbook font and contains 2571 words, excluding the portions specified in Local Rule 7.2(f)(3).

This the 2nd day of April, 2024.

                                      MORNINGSTAR LAW GROUP

                                      /s/ *Shannon R. Joseph*
                                      Shannon R. Joseph
                                      N.C. State Bar No. 22144
                                      sjoseph@morningstarlawgroup.com
                                      421 Fayetteville St., Suite 530
                                      Raleigh, NC 27601
                                      Telephone: (919) 590-0370
                                      Facsimile: (919) 882-8890

                                      *Attorney for Defendants*