EXHIBIT 2-B

PLAINTIFF'S EXHIBIT
Dismukes

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:21-cv-000371-BO

| | |
|---|---|
| SONYA CALLOWAY-DURHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| N.C. DEPARTMENT OF JUSTICE, JOSHUA H. STEIN, in his individual and official capacity as Attorney General, LESLIE COOLEY DISMUKES, in her individual and official capacity as Criminal Bureau Chief, SHANNON CASSELL, in her individual and official capacity as former Civil Bureau Chief, and ALANA DANIELLE MARQUIS ELDER, in her individual and official capacity as Senior Deputy Attorney General, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## RESPONSES OF LESLIE COOLEY DISMUKES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Leslie Cooley Dismukes, by and through counsel, hereby responds to Plaintiff's First Set of Interrogatories.

1. List all attorneys promoted since January 1, 2017 at NCDOJ and for each, provide the following information for the person who was promoted: date, name, gender, race, years as a practicing attorney, years working for NCDOJ,

-1-

undergraduate school, law school, salary/grade in previous position, salary/grade after promotion, current salary/grade, number of employees supervised prior to event, number of employees supervised after event, previous division and section name, division and section name after promotion, name of individual(s) involved in the selection process and name of individual(s) making the final selection decision.

**RESPONSE:** Ms. Dismukes objects to this interrogatory on the grounds that it is overly broad such that it seeks information that is not relevant and that is not proportional to the needs of the case. The issue presented by this lawsuit is whether Ms. Calloway-Durham would have been selected to fill the position of Section Head of the Public Safety Section (Attorney Supervisor II, Public Safety) but for her race or gender. The individual qualifications of every attorney promoted in the North Carolina Department of Justice do not make any fact that is material to this action more or less likely. The extensive information sought by this interrogatory is not proportionate to the determination of the issues. Further, this interrogatory seeks the disclosure of personnel information that is confidential and shielded from disclosure by law. Without waiving these objections, and subject to these objections: Ms. Dismukes does not have personal knowledge that would enable her to respond to this interrogatory. In further response to this interrogatory, Ms. Dismukes will refer to any business records that may be produced by NC DOJ in this action from which the answer can be ascertained in accordance with Rule 33(d).

2. List all attorneys hired by NCDOJ since January 1, 2017, and for each, provide the following information for the person who was promoted: date, name, gender, race, years as a practicing attorney, years working for NCDOJ, undergraduate school, law school, salary in previous position, salary/grade when hired, current salary/grade, number of employees supervised prior to hiring, number of employees supervised after event, division and section name, name of individual(s) involved in the selection process and name of individual(s) making the final selection decision.

**RESPONSE:** Ms. Dismukes objects to this interrogatory on the grounds that it is confusing and ambiguous in that it seeks a list of "all attorneys hired by NCDOJ" and then asks for "information for the person who was promoted." This interrogatory appears, in substance, to duplicate Interrogatory 1, which sought a list of all attorneys promoted. Ms. Dismukes therefore incorporates her objections and response to Interrogatory 1 in connection with this interrogatory: Ms. Dismukes does not have personal knowledge that would enable her to respond to this interrogatory. In further response to this interrogatory, Ms. Dismukes will refer to any business records that may be produced by NC DOJ in this action from which the answer can be ascertained in accordance with Rule 33(d).

3. [NO INTERROGATORY 3 WAS PROPOUNDED]

4. List all attorneys reclassified since January 1, 2017 at NCDOJ and

for each, provide the following information for the person who was reclassified: date, name, gender, race, years as a practicing attorney, years working for NCDOJ, undergraduate school, law school, salary/grade in previous position, salary/grade after reclassification, current salary/grade, number of employees supervised prior to event, number of employees supervised after event, division name, section name, name of individual(s) involved in the reclassification and name of individual(s) making the final reclassification decision.

**RESPONSE:** Ms. Dismukes objects to this interrogatory on the grounds that it is overly broad such that it seeks information that is not relevant and that is not proportional to the needs of the case. The issue presented by this lawsuit is whether Ms. Calloway-Durham would have been selected to fill the position of Section Head of the Public Safety Section (Attorney Supervisor II, Public Safety) but for her race or gender. The individual circumstances underlying any personnel changes of attorneys in the North Carolina Department of Justice do not make any fact that is material to this action more or less likely. The extensive information sought by this interrogatory is not proportionate to the determination of the issue to be determined. In addition, the term "reclassified" is ambiguous; Ms. Dismukes understands the term to refer to the reclassification process used within the North Carolina Department of Justice to change attorney levels within the meaning of the state personnel process. Further, this interrogatory seeks the disclosure of personnel information that is confidential and shielded from disclosure by law. Without waiving these objections, and subject to these objections: Ms. Dismukes

does not have personal knowledge that would enable her to respond to this interrogatory. In further response to this interrogatory, Ms. Dismukes will refer to any business records that may be produced by NC DOJ in this action from which the answer can be ascertained in accordance with Rule 33(d).

5. [NO INTERROGATORY 5 WAS PROPOUNDED]

6. State which of the positions listed in the responses to interrogatories 1-3 defendants Dismukes and Elder were involved in and describe their involvement.

**RESPONSE:** The use of the phrases "which of the positions" and "involved in" renders this interrogatory difficult to comprehend or answer. Plaintiff did not propound an Interrogatory 3. The third Interrogatory is numbered "4." Interrogatories 1 and 2 and the third interrogatory (Interrogatory 4) sought a list of "all attorneys" over a 5-year period who were promoted or "reclassified" and the only position information sought was for specification of the "previous position" of each. The "previous position" of every attorney who was promoted or reclassified in the North Carolina Department of Justice is not relevant to the matter at issue in this action, which is whether Ms. Calloway-Durham would have been selected to fill the position of Section Head of the Public Safety Section (Attorney Supervisor II, Public Safety) but for her race or gender. Additionally, the request for identification of which "positions" Ms. Dismukes was "involved in" is ambiguous and does not identify

the information sought with sufficient particularity to allow for an accurate response. Without waiving these objections, and subject to these objections: Ms. Dismukes does not have a specific recollection of every attorney hiring, promotion or reclassification in which she has participated as a decisionmaker. Ms. Dismukes would have been made aware of, and approved, all hiring, promotion (including reclassification), and termination actions that occurred within the Criminal Bureau. Relevant to this lawsuit, in 2019, the Section Head position in the Public Safety Section became vacant. Ms. Dismukes and Ms. Elder chose and moved Tammera Hill to fill the Public Safety Section Head from her position as Section Head in the Law Enforcement Liaison section. (Previously, Ms. Dismukes and Ms. Elder had selected Tammera Hill as the Law Enforcement Liaison Section Head.) Ms. Hill later resigned from the position to take a leadership role in the North Carolina Department of Public Safety. The vacancy created by Ms. Hill's resignation is the subject of Plaintiff's lawsuit. Ms. Dismukes and Ms. Elder participated on the 3-person hiring panel that interviewed six applicants for the position, and which unanimously selected Mr. Trachtman to fill the role from the six applicants who were interviewed. In further response to this interrogatory, Ms. Dismukes will refer to any business records that may be produced by NC DOJ in this action from which the answer can be ascertained in accordance with Rule 33(d).

7. If Shannon Cassell, Defendant Elder and Defendant Dismukes are not included in the individuals listed in responses to Interrogatories 1-3, please

providing the following information for them: date of hire, name of position into which hired, qualifications for position, whether an application was submitted for position held, hiring salary/grade, any subsequent changes in salary/grade, names of supervisors by date, division and section, if applicable, names of all employees supervised by date, division, and section, whether employed by contract, whether in a permanent state employee position subject to the State Human Resources Act (SHRA subject), bar licensures by date, years of practice.

**RESPONSE:** Ms. Dismukes objects to this interrogatory on the grounds that it is overly broad such that it seeks information that is not relevant and that is not proportional to the needs of the case. Ms. Cassell is not a defendant in this action and did not participate in the promotion decision that is the subject of Plaintiff's claims against Ms. Dismukes, Ms. Elder, and the North Carolina Department of Justice. Her personnel information is not relevant to any issue. Additionally, Plaintiff did not propound an Interrogatory 3. The third Interrogatory is numbered "4." Also, the salary, qualifications, and other personnel information of Ms. Elder and Ms. Dismukes are not relevant to any issue in this case. The request for specification of the names of "all employees supervised by date, division, and section" is not relevant to any issue in the case. Further, the request is ambiguous because it is not clear whether it seeks disclosure of the contract or employment status of "all employees supervised," which is not relevant to the issues in the case. Without waiving these objections, and subject to these objections: Ms. Dismukes was hired to work for the North Carolina Department of Justice in December 2017 as the Criminal

Bureau Chief following her employment as Chief of the Criminal Division in the United States Attorney's Office in the Eastern District of North Carolina. She has been licensed to practice law in North Carolina since August 2005. As Criminal Bureau Chief, Ms. Dismukes has overseen or supervised the performance of approximately 110 people. In addition, in 2022, Ms. Dismukes began assisting with the management and supervision of the North Carolina Justice Academy. Approximately 100 people work in the North Carolina Justice Academy. Additional information that is responsive to this interrogatory may be ascertained from Ms. Dismukes's personnel file, which Ms. Dismukes understands will be produced by NCDOJ after entry of an appropriate protective order to maintain its confidentiality, and Ms. Dismukes relies on those business records for her further response to this interrogatory pursuant to Rule 33(d). Ms. Dismukes defers to Ms. Elder to respond as to information regarding Ms. Elder's employment.

8. For Defendants Elder and Dismukes, and Shannon Cassell, since January 1, 2017, state whether any grievances or complaints, formal or informal, have been received by the NCDOJ from any other person, including but not limited to employees of the NCDOJ, and for any grievances or complaints, provide the name of the person making the complaint or grievance, the date, a description, a description of any action taken, and a description resolution if any.

**RESPONSE:** Ms. Dismukes objects to this interrogatory on the grounds that it is overly broad such that it seeks information that is not relevant and that is not

-8-

Case 5:21-cv-00371-BO   Document 94-4   Filed 04/02/24   Page 8 of 13

proportional to the needs of the case. Ms. Cassell is not a defendant in this action and did not participate in the promotion decision that is the subject of Plaintiff's claims against Ms. Dismukes, Ms. Elder, and the North Carolina Department of Justice. Her personnel information is not relevant to any issue. Additionally, the phrase "grievances or complaints," without limitation, is exceptionally broad and could be read to include minor complaints about issues that are entirely unrelated to this lawsuit, including by way of example only, poor penmanship. Also, this interrogatory seeks information about "employees of the NCDOJ," and therefore is disproportionate to the needs of this case, which is focused on a supervisory attorney position. Further, this interrogatory seeks the disclosure of personnel information that is confidential and shielded from disclosure by law. Without waiving these objections, and subject to these objections: Ms. Dismukes is aware of having been identified personally in two complaints (lawsuits) in which a North Carolina Department of Justice employee alleged that they experienced an adverse employment action: (1) the present lawsuit (and related grievance) filed by plaintiff Sonya Calloway-Durham; and (2) a lawsuit (and related grievance) filed by a former NC DOJ attorney, David Adinolfi, II, Case No. 5:18-CV-539-FL in the Eastern District of North Carolina, asserting that he was discriminated against based on age when he was demoted and replaced with a new hire under the age of 40 years old and retaliation in violation of the Americans with Disabilities Act. Mr. Adinolfi did not allege race or sex discrimination. The district court entered summary judgment against Mr. Adinolfi and in favor of the defendant North

Carolina Department of Justice, and the Fourth Circuit Court of Appeals affirmed that decision.

Ms. Dismukes recalls another grievance submitted by a non-attorney following a promotion selection process. That person later withdrew the grievance.

Ms. Dismukes defers to Ms. Elder to respond as to any allegations as to Ms. Elder.

9. List all discrimination or retaliation complaints or grievances, formal or informal, filed by any employee of the NC DOJ since January 1, 2017, and for any complaints or grievances listed, provide the name of the person making the complaint or grievance, the date, a description, a description of any action taken, and a description resolution if any.

**RESPONSE:** Ms. Dismukes objects to this interrogatory on the grounds that it is overly broad such that it seeks information that is not relevant and that is not proportional to the needs of the case. Grievances and complaints of any variety, formal or informal, lodged by any employee of NC DOJ have no bearing on the issues in dispute here: whether Ms. Calloway-Durham would have been selected to fill the position of Section Head of the Public Safety Section (Attorney Supervisor II, Public Safety) but for her race or gender. Further, this interrogatory seeks the disclosure of personnel information that is confidential and shielded from disclosure by law. Without waiving these objections, and subject to these objections: Ms. Dismukes lacks personal knowledge of all discrimination or grievance complaints made by

employees of NC DOJ, and refers to her response to Interrogatory 8 regarding the complaints of which she is aware in which she has been identified personally.

10. For the most recent position for which Plaintiff applied (head of Labor Section), state all reasons Plaintiff was not selected for the position.

**RESPONSE:** Ms. Dismukes objects to this interrogatory on the grounds that it is overly broad such that it seeks information that is not relevant and that is not proportional to the needs of the case. That Plaintiff was not the successful applicant in a different section of the North Carolina Department of Justice in a hiring process in which Ms. Dismukes was not involved is not relevant to the issue in this lawsuit: whether Ms. Calloway-Durham would have been selected to fill the position of Section Head of the Public Safety Section (Attorney Supervisor II, Public Safety) but for her race or gender. Without waiving these objections, and subject to these objections: Ms. Dismukes was not involved in the hiring decision for the head of the Labor Section and therefore lacks personal knowledge as to all reasons why Plaintiff was not selected for that position.

11. For the position of section head of the Public Safety Section please state all reasons Plaintiff was not selected for the position.

**RESPONSE:** Plaintiff was not selected for the position because the persons responsible for making the decision, which included Ms. Dismukes (who had worked with Plaintiff and Mr. Trachtman previously), reached unanimous consensus that Mr. Trachtman was the most qualified candidate for the position of those who applied

-11-

and were selected for an interview. Reasons for selecting Mr. Trachtman are reflected in multiple personnel and business records, and Ms. Dismukes understands those documents will be produced by NC DOJ following the entry of a protective order on confidentiality, including the determination of Plaintiff's grievance proceeding and a brief memorandum prepared by Ms. Elder and reviewed by Ms. Dismukes before its submission, which describes the primary reasons why they believed Mr. Trachtman was the most qualified candidate for the position. Ms. Dismukes will refer documents produced by Defendants following in accordance with Rule 33(d).

This the 13th day of April, 2023.

MORNINGSTAR LAW GROUP

/s/ *Shannon R. Joseph*
Shannon R. Joseph
N.C. State Bar No. 22144
sjoseph@morningstarlawgroup.com
Amie Flowers Carmack
N.C. State Bar No. 21970
acarmack@morningstarlawgroup.com
421 Fayetteville St., Suite 530
Raleigh, NC 27601
Telephone: (919) 590-0370
Facsimile: (919) 882-8890

Jeffrey L. Roether
N.C. State Bar No. 48229
jroether@morningstarlawgroup.com
700 W. Main St.
Durham, NC 27701
Telephone: (919) 590-0368

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant Leslie Cooley Dismukes's Responses to Plaintiffs' First Set of Interrogatories was this day served by email to the following counsel of record:

Valerie L. Bateman
New South Law Firm
209 Lloyd Street, Ste. 350
Carrboro, NC 27510

June Allison
New South Law Firm
233 Laurel Avenue
Charlotte, NC 28207

*Attorneys for the Plaintiff*

This the 13th day of April, 2023.

                MORNINGSTAR LAW GROUP

                */s/ Shannon R. Joseph*
                Shannon R. Joseph

                *Attorney for Defendants*