

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:21-cv-000371-BO

SONYA CALLOWAY-DURHAM, )
)
        Plaintiff, )
)
v. )
)
N.C. DEPARTMENT OF JUSTICE, )
JOSHUA H. STEIN, in his individual )
and official capacity as Attorney )
General, LESLIE COOLEY )
DISMUKES, in her individual and )
official capacity as Criminal Bureau )
Chief, SHANNON CASSELL, in her )
individual and official capacity as former )
Civil Bureau Chief, and ALANA )
DANIELLE MARQUIS ELDER, in her )
individual and official capacity as Senior )
Deputy Attorney General, )
)
        Defendants. )

### RESPONSES OF LESLIE COOLEY DISMUKES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Leslie Cooley Dismukes, by and through counsel, hereby responds to Plaintiff's First Set of Requests for Production of Documents as follows:

1. For each individual listed in response to interrogatories 1-4, please provide a copy of all documents in the employee's personnel file which relate to employee's qualifications and salary for any position held with NCDOJ, including but not limited to applications, position action forms, performance

1

appraisals, disciplinary actions, investigations, accolades or letters of commendation, complaints, etc. **Note:** This request for production of documents specifically does not seek any benefit related information.

**RESPONSE:** Ms. Dismukes objects to this request on the grounds that it is overly broad such that it seeks information that is not relevant and that is not proportional to the needs of the case. The issue presented by this lawsuit is whether Ms. Calloway-Durham would have been selected to fill the position of Section Head of the Public Safety Section (Attorney Supervisor II, Public Safety) but for her race or gender. The individual qualifications of every attorney in the North Carolina Department of Justice do not make any fact that is material to this action more or less likely. The extensive information sought by this request is not proportionate to the determination of the issue to be determined. Further, this request seeks the disclosure of personnel information that is confidential and shielded from disclosure by law. Without waiving these objections, and subject to these objections: Ms. Dismukes did not identify any individuals in response to the first three interrogatories propounded. Further, the personnel file of an individual employed by the North Carolina Department of Justice is not in Ms. Dismukes's possession, custody, or control. Ms. Dismukes has no personnel file documents.

2. For each personnel action listed in response to interrogatories 1-4, please provide a copy of all documents related to each action, including but not limited to (and if applicable), complete selection package for each action,

applications, interview notes, interview questions, scoring sheets, etc.

**RESPONSE:** Ms. Dismukes objects to this request on the grounds that it is overly broad such that it seeks information that is not relevant and that is not proportional to the needs of the case. The issue presented by this lawsuit is whether Ms. Calloway-Durham would have been selected to fill the position of Section Head of the Public Safety Section (attorney Supervisor II, Public Safety) but for her race or gender. The individual circumstances underlying any personnel actions (hiring, promotions, or otherwise) of every attorney in the North Carolina Department of Justice do not make any fact that is material to this action more or less likely. The extensive information sought by this request is not proportionate to the determination of the issue to be determined. In addition, the terms "selection package" and "etc." are ambiguous. Further, this request seeks the disclosure of personnel information that is confidential and shielded from disclosure by law. Without waiving these objections, and subject to these objections: Ms. Dismukes did not identify any personnel action or individuals in response to Interrogatories 1-4. Ms. Dismukes will conduct a reasonable search and, after entry of an appropriate protective order to maintain confidentiality, produce any non-privileged, documents in her possession, custody, and control concerning the hiring and selection process for the Section Head of the Public Safety Section (Attorney Supervisory II, Public Safety) that is the subject of Plaintiff's lawsuit.

3. For Defendants Elder and Dismukes, and Shannon Cassell, all documents, including but not limited to emails, related to, regarding, or reflecting any grievances or complaints, formal or informal, from any other person, including but not limited to employees, received by any employee of the NCDOJ.

**RESPONSE:** Ms. Dismukes objects to this request to the extent that it seeks production of emails between counsel and Ms. Dismukes on the grounds that such communications are protected by attorney-client privilege and the work product doctrine. Ms. Dismukes objects to this request on the grounds that it is ambiguous and does not identify the documents sought with sufficient particularity to allow for an accurate response. Ms. Dismukes further objects to this request on the grounds that it is overly broad such that it seeks information that is not relevant and that is not proportional to the needs of the case. The issue presented by this lawsuit is whether Ms. Calloway-Durham would have been selected to fill the position of Section Head of the Public Safety Section (Attorney Supervisor II, Public Safety) but for her race or gender. Ms. Cassell is not a defendant in this action and did not participate in the promotion decision that is the subject of Plaintiff's claims against Ms. Dismukes, Ms. Elder, and the North Carolina Department of Justice. Additionally, the phrases "grievances or complaints," without limitation, and "any person," without limitation, are exceptionally broad and could be read to include minor complaints about issues that are entirely unrelated to this lawsuit, including by way of example only, poor penmanship. The phrase "related to" also renders the request ambiguous and overly broad. Further, this request seeks the

4

disclosure of personnel information that is confidential and shielded from disclosure by law.

Without waiving these objections, and subject to these objections: Ms. Dismukes incorporates her response to Interrogatory 8, in which she stated that she is aware of having been identified personally in two complaints (lawsuits) in which a North Carolina Department of Justice employee alleged an adverse employment action. Multiple public documents are available concerning the lawsuit (and related grievance) filed by a former NC DOJ attorney, David Adinolfi, II, Case No. 5:18-CV-539-FL in the Eastern District of North Carolina. Mr. Adinolfi did not allege race or sex discrimination; he asserted that he was discriminated against based on age and retaliation in violation of the Americans with Disabilities Act. Public documents include the district court's entry of summary judgment against Mr. Adinolfi and in favor of the defendant North Carolina Department of Justice, and the Fourth Circuit Court of Appeals decision affirming that decision.

Concerning the present lawsuit (and related grievance) filed by plaintiff Sonya Calloway-Durham, Ms. Dismukes will conduct a reasonable search and, after entry of an appropriate protective order to maintain confidentiality, produce any non-privileged, responsive communications concerning Ms. Calloway-Durham's lawsuit (and related grievance).

4. Provide a copy of all grievances, charges, complaints, petitions or any other documents reflecting or relating to any complaints or allegations of discrimination or retaliation by any employee of the NC DOJ since January 1, 2017.

**RESPONSE:** Ms. Dismukes objects to this request on the grounds that it is overly broad such that it seeks information that is not relevant and that is not proportional to the needs of the case. The issue presented by this lawsuit is whether Ms. Calloway-Durham would have been selected to fill the position of Section Head of the Public Safety Section (Attorney Supervisor II, Public Safety) but for her race or gender. If there were other "allegations of discrimination or retaliation by any employee of the NC DOJ since January 1, 2017," those allegations would be irrelevant to the issue of whether Ms. Calloway-Durham would have been selected for the particular promotion at issue but for her race and gender. Additionally, the phrase "any complaints," without limitation, is exceptionally broad and could be read to include minor complaints about issues that are entirely unrelated to this lawsuit, including by way of example only, poor penmanship. The phrase "related to" also renders the request ambiguous and overly broad. Further, this request seeks the disclosure of personnel information that is confidential and shielded from disclosure by law.

Without waiving these objections, and subject to these objections: Ms. Dismukes incorporates her response to Interrogatory 8 and her response to Request for Production 3.

6

5. For the most recent position for which Plaintiff applied (head of Labor Section), provide all documents related to each action, including but not limited to (and if applicable), complete selection package for each action, applications, interview notes, interview questions, scoring sheets, etc.

**RESPONSE:** Ms. Dismukes objects to this request on the grounds that it is overly broad such that it seeks information that is not relevant and that is not proportional to the needs of the case. That Plaintiff was not the successful applicant in a different section of the North Carolina Department of Justice in a hiring process in which Ms. Dismukes was not involved is not relevant to the issue in this lawsuit: whether Ms. Calloway-Durham would have been selected to fill the position of Section Head of the Public Safety Section (Attorney Supervisor II, Public Safety) but for her race or gender. Without waiving these objections, and subject to these objections: Ms. Dismukes was not involved in the hiring decision for the head of the Labor Section and does not have documents responsive to this request.

6. For the position of section head of the Public Safety Section which is the subject of Plaintiff's complaint, provide all documents related to each action, including but not limited to (and if applicable), complete selection package for each action, applications, interview notes, interview questions, scoring sheets, etc.

**RESPONSE:** Ms. Dismukes objects to this request on the grounds that the phrases "documents related to each action" in connection with the "position of section head of the Public Safety Section" render the request ambiguous. The request does

7

not identify the documents sought with sufficient particularity to allow for an accurate response. In addition, the terms "selection package for each action and "etc." are ambiguous. Without waiving these objections, and subject to these objections: Ms. Dismukes will conduct a reasonable search and, after entry of an appropriate protective order on confidentiality, will produce non-privileged documents in her possession, custody, and control concerning the hiring and selection process for the Section Head of the Public Safety Section (Attorney Supervisor II, Public Safety) that is the subject of Plaintiff's lawsuit.

This the 13th day of April, 2023.

MORNINGSTAR LAW GROUP

/s/ *Shannon R. Joseph*
Shannon R. Joseph
N.C. State Bar No. 22144
sjoseph@morningstarlawgroup.com
Amie Flowers Carmack
N.C. State Bar No. 21970
acarmack@morningstarlawgroup.com
421 Fayetteville St., Suite 530
Raleigh, NC 27601
Telephone: (919) 590-0370
Facsimile: (919) 882-8890

Jeffrey L. Roether
N.C. State Bar No. 48229
jroether@morningstarlawgroup.com
700 W. Main St.
Durham, NC 27701
Telephone: (919) 590-0368

*Attorneys for Defendants*

8

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendant Leslie Cooley Dismukes's Responses to Plaintiff's First Set of Requests for Production of Documents was this day served by email to the following counsel of record:

Valerie L. Bateman
New South Law Firm
209 Lloyd Street, Ste. 350
Carrboro, NC 27510

June Allison
New South Law Firm
233 Laurel Avenue
Charlotte, NC 28207

*Attorneys for the Plaintiff*

This the 13th day of April, 2023.

MORNINGSTAR LAW GROUP

/s/ *Shannon R. Joseph*
Shannon R. Joseph

*Attorney for Defendants*