IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-371-BO

| | | |
|---|---|---|
| SONYA CALLOWAY-DURHAM, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| N.C. DEPARTMENT OF JUSTICE, *et al.* | ) | |
| *Defendants.* | ) | |

This cause comes before the Court on defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants have replied, and the motion is ripe for ruling. For the reasons that follow, the motion for summary judgment is denied.

## BACKGROUND

Plaintiff commenced this action by filing a complaint on September 15, 2021. Remaining for resolution are plaintiff's claims against the North Carolina Department of Justice for race, color, and sex discrimination in violation of Title VII of the Civil Rights Act and against Leslie Cooley Dismukes and Alana Danielle Marquis Elder in their individual capacities for race, color and sex discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. *See* [DE 50].

The following facts are undisputed. The North Carolina Department of Justice (NCDOJ) provides, among other things, legal representation to state agencies as well as state officers and employees for actions taken as part of their official duties. NCDOJ is organized into a Civil Bureau and a Criminal Bureau, each of which include sections which are led by a Section Head. In 2020, the Criminal Division, which is a part of the Criminal Bureau, was comprised of three sections:

the Public Safety Section, the Special Prosecutions and Law Enforcement Section, and the Appellate and Post-Conviction Section. Defendant Leslie Cooley Dismukes (Dismukes) has been the Criminal Bureau Chief since December 2017. Defendant Alana Elder (Elder) has been the Senior Deputy Attorney General of the Criminal Division above the Public Safety Section since March 2018. Elder oversees the Section Heads and reports to Dismukes. Both Dismukes and Elder are white women.

Plaintiff is a Black woman and was admitted to the North Carolina State Bar in 1995. She first practiced as a solo practitioner and in 2001 was hired as an attorney in NCDOJ's Labor Section. In 2005, plaintiff was promoted from an Attorney II to an Attorney III position. In 2011, Elder, who was then Section Head of the Capital Litigation/Federal Habeas Section, selected plaintiff for promotion to an Attorney IV position for which plaintiff had applied. In 2018, plaintiff was transferred to the Public Safety Section, still serving as an Attorney IV.

When plaintiff began in the Public Safety Section, the Section Head was a white male. In 2019, Dismukes transferred Tammera Hill, a Black woman, to the Public Safety Section Head position. In May 2020, Hill informed Dismukes and Elder that she had accepted another position and would be leaving NCDOJ at the end of June. Dismukes and Elder, who had been pleased with Hill's performance as Section Head, asked Hill whom in the Public Safety Section she would recommend as her replacement. Hill recommended James Trachtman, a white male. Hill's recommendation was not motivated by race, color, or sex. Trachtman had been hired by NCDOJ in 2019 as an Attorney III.

The Public Safety Section Head position was posted and plaintiff and Trachtman, along with others, applied. Four applicants were ultimately selected to be interviewed. The interview panel consisted of Dismukes, Elder, and Tina Wong, a Human Resources employee. Plaintiff,

2

Trachtman, and two others were interviewed. With the exception of plaintiff, each of the applicants chosen to be interviewed were white males, two of whom were internal candidates and one of whom was external. Trachtman was selected by the interview panel for the position and was ultimately hired as the Public Safety Section Head.

Plaintiff grieved her non-selection through internal procedures and was unsuccessful. She subsequently filed a charge of discrimination with the Equal Opportunity Employment Commission. The instant lawsuit followed.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the ight most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

The Court considers both plaintiff's Title VII and equal protection claim under the framework established for Title VII cases. *See, e.g., Beardsley v. Webb*, 30 F.3d 524, 529 (4th Cir.

3

1994); *Disher v. Weaver*, 308 F. Supp. 2d 614, 626 (M.D.N.C. 2004). As is demonstrated in her opposition to summary judgment, plaintiff proceeds under the *McDonnell Douglas* burden-shifting framework established for deciding Title VII cases. *See Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 284-85 (4th Cir. 2004). A plaintiff who proceeds under the *McDonnell Douglas* burden-shifting framework must demonstrate first a prima facie case of discrimination, after which the burden shifts to the employer to show that the reason for the adverse employment action was legitimate and non-discriminatory. *See, e.g., Lettieri v. Equant, Inc.*, 478 F.3d 640, 646 (4th Cir. 2007). The plaintiff must then prove that the employer's proffered legitimate reason was pretext for discriminatory treatment. *Id.*

A prima facie case of discrimination based upon the failure to promote is established when a plaintiff can show "(1) she is a member of a protected class; (2) her employer had an open position for which she applied or sought to apply; (3) she was qualified for the position; and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959-60 (4th Cir. 1996).

Plaintiff has satisfied her low burden to demonstrate a prima facie case of race, color, and/or sex discrimination. She is a member of protected classes, she applied for an open position for which she was qualified, and she was not selected under circumstances which give rise to an inference of unlawful discrimination. Defendants agree that plaintiff has established a prima facie case of discrimination. [DE 101 p. 23 pf 38]. Defendants have further proffered legitimate, non-discriminatory reasons for selecting Trachtman and not plaintiff, specifically his lengthy prior litigation experience, his prior supervisory experience, his experience with client development and management, and his appellate experience in both state and federal courts.

4

"A plaintiff alleging a failure to promote can prove pretext by showing that he was better qualified, or by amassing circumstantial evidence that otherwise undermines the credibility of the employer's stated reasons." *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 259 (4th Cir. 2006). Viewing the facts in the light most favorable to plaintiff, which at this stage the Court must do, plaintiff has come forward with sufficient evidence to create a genuine issue of fact as to pretext. For example, defendants place great weight on Hill's recommendation of Trachtman for the position. In her declaration filed by plaintiff, however, Hill states that she recommended Trachtman and not plaintiff "because it never occurred to [her] that [plaintiff] would want the job." [DE 136] Hill Decl. ¶ 15. Additionally, none of the applicants interviewed had significant supervisory experience, *see, e.g.*, [DE 133-9 p. 2 of 3], but one of the justifications for selecting Trachtman indicates that he had "significant supervisory experience." [DE 115 p. 1 of 2].

Defendants Dismukes and Elder have also raised the defense of qualified immunity to plaintiff's § 1983 equal protection claim. Qualified immunity shields government officials from liability for statutory or constitutional violations so long as they can reasonably believe that their conduct does not violate clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A court employs a two-step procedure for determining whether qualified immunity applies that "asks first whether a constitutional violation occurred and second whether the right violated was clearly established." *Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010). A clearly established right requires existing precedent which places "the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (noting a case on point is not required). Moreover, the right must not be defined at a high level of generality and must instead focus on the particular conduct at issue. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (citing *al-Kidd*, 563 U.S. at 742).

5

It was clearly established at the time of plaintiff's non-selection that failing to promote an otherwise qualified applicant on the basis of her sex, color, or race would violate the Equal Protection Clause. As the Court has decided that issues of fact preclude summary judgment on plaintiff's Title VII claim, specifically as to whether race, color, or sex was the real reason plaintiff was not selected for promotion, it will deny the motion for summary judgment based on qualified immunity. *See, e.g., Disher*, 308 F. Supp. 2d at 628.

In sum, the Court has considered the arguments and the evidence submitted and concludes that plaintiff's proffered evidence is sufficient, at this stage and viewing all facts and inferences in the light most favorable to her, to create a genuine issue of material fact as to whether defendants' proffered legitimate reasons for selecting Trachtman and not plaintiff were pretextual. Accordingly, and mindful that it should act with caution in granting summary judgment, the Court will permit the case to proceed to trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion for summary judgment [DE 97] is DENIED.

SO ORDERED, this __21__ day of August 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE