IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-371-BO

| | | |
|---|---|---|
| SONYA CALLOWAY-DURHAM, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| N.C. DEPARTMENT OF JUSTICE, et al. | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motions to seal and motion to continue, as well as notice that the parties have settled.

Defendants have moved to seal exhibits and briefs filed in support of their motion for summary judgment as well as the proposed pretrial order. [DE 127, 146, 152, 160, 168]. Plaintiff does not oppose the motions to seal. Where a party seeks to seal documents filed in connection with summary judgment, the "more rigorous" First Amendment standard applies. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). Under this standard, a court "may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* at 575 (internal quotation and citation omitted). Before deciding whether to seal a filed document, a court must first provide notice to the public that there is a request to seal and permit any interested party a reasonable opportunity to file an objection. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). A court must then consider where there are less drastic alternatives to sealing, such as the filing of redacted versions. *Id.*

Defendants seek to file under seal personnel information, including hiring recommendations, grievance documents, and performance evaluation information about both

plaintiff and other employees of the North Carolina Department of Justice. This information is protected by North Carolina law, N.C. Gen. Stat. § 126-22, *et seq.*, and was subject to the Court's protective order. Defendants have filed publicly available redacted copies of the following filings they seek to seal: [DE 101, 102, 103, 108, 121, 123, 133, 133-2, 133-3, 133-4, 133-7, 133-8, 134, 136, 138, 139, 143, 144, 146-6, 155-1, 157, 159, 167]. Where certain filings or exhibits contain confidential personnel information that cannot be reasonably redacted, defendants have sought to seal the document in its entirety without providing a redacted version. *See* [DE 104-107, 109-120, 122, 124, 125, 131, 133-5, 133-6, 133-9, 142]. Defendants have demonstrated that the public's right to access court filings is outweighed by the governmental interest in protecting confidential personnel information of its employees, in particular those employees who are not parties to this suit. The public has had an opportunity to challenge the sealing of these documents and no opposition has been filed. Defendants have also requested that [DE 133-1, 134-1, 134-2, 135, and 137] be unsealed. [DE 146]. The motions to seal are granted. *See also* [DE 88].

As the parties have settled, and as the motion was filed prior to the re-setting of the jury trial, the motion to continue the jury trial in this matter [DE 174] is denied as moot. Additionally, the jury trial currently set to commence on September 30, 2024, is cancelled.

As no substantive issues remain, it appears that there is no reason to maintain this action on the active docket while the parties consummate the settlement. This action is therefore removed from the Court's active docket. This order does not serve as a dismissal or disposition of this action. When the parties are prepared to file a stipulation of dismissal or other case-concluding documents, they may request that the case be re-opened.

## CONCLUSION

Accordingly, for the foregoing reasons, the motions to seal [DE 127, 146, 152, 160, 168] are GRANTED. Pursuant to the request in [DE 146 ¶ a.], the following docket entries shall be UNSEALED: [DE 133-1, 134-1, 134-2, 135, and 137].

The motion to continue the trial [DE 174] is DENIED AS MOOT. The jury trial set to commence on September 30, 2024, is CANCELLED. The clerk is DIRECTED to remove this case from the active docket pending a request by the parties to re-open the case.

SO ORDERED, this __18__ day of September 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE